DAVID THOMAS, Administrator of the succession of James Williams, deceased, *v.* AUGUSTIN BOURGEAT, Dative Testamentary Executor of James H. Mill, deceased.

The right to proceed by a rule to show cause, or on motion, implies the pendency of a suit between the parties, and is confined to incidental matters, arising in the progress of the contestation, except where a summary proceeding is expressly allowed by law.

The administrator of an estate is amenable, during his lifetime, to the Probate Court from which he derives his authority; but where he dies without having rendered an account, it can be rendered only in the Probate Court in which his own estate is

being administered. But a claim of the person who afterwards became admini-
strator against his intestate, acquired before he became administrator, must be prose-
cuted before the court in which the succession of the intestate was opened. -

APPEAL from the Court of Probates of Pointe Coupée, *E. Cooley*, J..

*Merrick*, for the plaintiff.

*Stevens* and *T. J. Cooley*, for the appellant.

BULLARD, J. This case was before us in March, 1842. See 1 Robinson, 403.* The judgment of the Court of Probates was then reversed, and judgment rendered, subject, however, to the same restriction as relates to the Brandon debt, as that contained in the judgment below. A credit of $1107 61, claimed by the de-fendant as a payment made by his testator, Mix, for Williams, to the Canal Bank, was rejected ; reserving, however, to the de-fendant, the right of claiming from the estate of Williams, the plaintiff's intestate, that amount, if any such right he had. After the mandate from this court had been entered on the minutes of the court below, the defendant, Bourgeat, took a rule on the plain-tiff to show cause, why the credit of $1107 6 1 should not be allowed, as well as the sum of $685, being what is called the Brandon debt.

To this rule the plaintiff excepted, on the ground that the judgment of the Supreme Court was final, and that the cause was not sent back for a new trial ; that the succession of Wil-liams being opened in the parish of West Feliciana, all actions and claims for money against it must be brought before the Court of Probates of that parish ; that the Court of Pointe Coupée is without jurisdiction, except as to the execution of the judgment of the Supreme Court ; and that the proceeding was begun with-out a petition, and was irregular and unwarranted by law.

- The court below sustained this exception, and discharged the rule ; and the defendant, Bourgeat, has appealed.

The Court did not err. The judgment rendered in the case by

*The appeal in this case, reported in 1 Rob. 403, is printed, by mistake, as having been taken from the *Parish* Court of Pointe Coupée. It was from the *Probate* Court of that parish.

this court, was left open, only for the purpose of modification in relation to the Brandon debt. The Court of Pointe Coupée was authorized to allow a credit on the judgment, on motion, upon being satisfied that judgment had been rendered in favor of the estate of Brandon, in the Court of West Feliciana. To that extent only was the judgment still open, and subject to be amended. It is true the right was reserved to the defendant of claiming of the estate of Williams the sum of $1107 61, alleged to have been paid by Mix to the Canal Bank; but it was not the intention of the court, that the final determination of the cause should await a further inquiry, as to that part of the defendant's account. As the judgment was originally rendered, that item was rejected, as unsupported by legal evidence. At the request of the defendant's counsel, we so modified it, as not to conclude his client. It then became a judgment of nonsuit as to that item. The right to proceed by rule, or on motion, implies the pendency of a suit between the parties, and is confined to incidental matters, which may arise in the progress of the contestation, except in certain cases where a summary proceeding is expressly allowed by law.

It is true we held in this case, that although Mix in his lifetime, deriving his authority to administer the estate of Williams from the Court of Probates for West Feliciana, was amenable to that Court, which alone could order the payment of debts due by the estate; yet, having died without rendering an account, that account could only be rendered in the Court of Pointe Coupée, where his estate was in progress of administration. But it by no means follows, that a claim of Mix against Williams, while the former was not administrator, as appears to have been the case in relation to the alleged payment to the Canal Bank, could be prosecuted in any other court than that of West Feliciana, where the estate of Williams is being administered.

*Judgment affirmed.*