COPLEY *v.* CONINE.

The right to proceed by rule implies the pendency of a suit between the parties, and is confined to incidental matters which arise in the progress of the contestation, except in certain cases in which a summary proceeding is expressly allowed by law.

COPLEY
*v.*
CONINE.

APPEAL from the District Court of Carroll, *Selby*, J.   *Short*, for the appellant.   *Caldwell* and *Sparrow*, for the defendants.   The judgment of the court was pronounced by

ROST, J.   *Copley* purchased an improvement on the public lands, which he sold to *Conine* for three bales of cotton, without ever having taken actual possession of it.   *Conine* went upon the land, but soon after ceased to occupy the improvement purchased from *Copley*, and made on the same quarter section another settlement, which he occupied till he sold it to *Templeton*.   *Conine* having failed to deliver the three bales of cotton, *Copley* instituted an action for the recision of the contract, in which a judgment was rendered in his favor. A writ of possession subsequently issued, on which the sheriff returned, "*Unsatisfied in any way the same having expired.*"   The plaintiff then took what he calls a rule upon the sheriff, *Templeton*, and *Conine*, to show cause why they should not surrender the improvement, or pay him *in solido* the sum of one thousand dollars, this being the price which he alleges *Conine* received from *Templeton* for it.   There is also a prayer for general relief, and for citation. *Templeton* and the sheriff excepted to this form of proceeding, on the ground that they were strangers to the original judgment; that it is not *res judicata* as to them; that the matters complained of are not such as can be litigated in a rule ; and that the plaintiff must proceed against them by a direct action. This exception having been overruled, the defendants reserved it, and answered to the merits.   On the trial it was proved that *Templeton* had never occupied the settlement claimed by *Copley*, and that when the sheriff came to execute the writ of possession he was perfectly willing that it should be executed within the limits of that settlement.   Why the sheriff, under those circumstances, returned the writ unsatisfied, is a mystery to us.

A final judgment was rendered in favor of the sheriff and *Templeton*, and a judgment as in case of non-suit in favor of *Conine ;* from both of which, the plaintiff appealed.

The court below erred in overruling the exception.   The right to proceed by rule implies the pendency of a suit between the parties, and is confined to incidental matters which may arise in the progress of the contestation, except in certain cases where a summary proceeding is expressly allowed by law. *Thomas* v. *Bourgeat*, 6 Rob. 437.   9 Rob. 394.   10 Rob. 136.

If the real object of the rule had been to obtain possession of the improvement claimed, it was unnecessary.   The plaintiff already had the remedy of the writ of possession, which he could execute against all parties who acquired actual possession after the institution of this suit, and the judgment on the rule could give him no more.   But it is evident that this was a speculative proceeding—an action of damages in disguise, which, if sustained, without the consent of the defendants, would effectually deprive them of the legal right of trial by jury and of the advantages incident to ordinary proceedings.

As, however, the judgment on the merits is clearly right, and the defendants have, on that hypothesis, waived their exception and asked that it be affirmed, we believe that the ends of justice will be promoted by decreeing accordingly.

*Judgment affirmed.*