Nolan's Heirs *v.* Louisa Jane Taylor et al. ·

12   201|
108  282|

12   201|
120  1030|

*The fees for services of an attorney at law, although he has acted under an appointment by the court, as tutor ad litem, for minors, cannot be recovered in a proceeding by rule, after the determination of the litigation in which he has been employed.*

APPEAL from the District Court of West Baton Rouge, *Robertson*, J. *R. G. Beale*, for appellant. *A. S. Herron*, for appellee.

MERRICK, C. J. It is admitted by the appellee's counsel, that the statement of facts contained in the brief of the counsel for the appellant is correct. We adopt it. It is as it follows:

"*John Nolan*, of West Baton Rouge, died about the year 1852, leaving an estate worth about three hundred thousand dollars."

"Said *Nolan* left no forced heirs. His family consisted of his wife and her two children by a former husband. *Nolan* left a will by which he gave to his said wife and her two children, legacies of fifty thousand dollars each; also, appointing his said wife sole executrix of his will."

"*Nolan's* heirs at law, who were his two brothers, and the descendants of his deceased brothers and sisters, instituted suit to set aside the provisions of said will by which said legacies were given. *Mrs. Nolan*, not having qualfied as natural tutrix to her said children at the time said suit was instituted, the plaintiffs prayed that a tutor *ad litem* should be appointed to represent said minors in said suit. The court appointed *James M. Elam*, tutor *ad litem* to said minors. But very soon after said appointment *Mrs. Nolan* qualified as natural tutrix, and the court then appointed *J. M. Elam* under tutor. *Mrs. Nolan*, as soon as she had qualified, employed counsel to defend the interests of her children, in common with her own, and excepted to the appointment of *Elam* as tutor *ad litem*. A compromise was then concluded between the heirs of *Nolan* and *L. J. Taylor*, (*Mrs. Nolan*,) the latter acting for herself and for her minor children, being authorized thereto by a family meeting."

"By said compromise, *Mrs. Nolan* agreed to take for herself and children eighty thousand dollars, instead of one hundred and fifty thousand, and pay all the costs of the suit, and also to resign the trust of executrix."

"Soon after the compromise *John T. Nolan* was appointed dative testamentary executor, and *J. M. Elam* filed in the court a motion to have his fee as tutor *ad litem* fixed, which motion he caused to be served on *Robert G. Beale*."

"The court appointed two attorneys as experts, to examine into the matter, and report as to what *Elam's* services were worth. Said experts reported that the services were worth three thousand dollars, and in pursuance thereto the court gave judgment to that amount in favor of *Elam*, and against *John T. Nolan*, executor of *Nolan's* will."

"Before rendering the above judgment, by the court, *R. G. Beale* filed an exception to the proceedings, upon the following grounds:

1st. For the reason that there was no litigation pending to authorize the proceeding by rule.

2d. Appearer has not been cited as attorney for any of the parties to show cause why the fee should not be assessed.

26

3d. By the compromise referred to in the said motion, *Mrs. L. J. Taylor* agreed to pay whatever amount should be due to *Elam.*

4th. Appearer was not and is not counsel for *Mrs. Nolan* in said case, but was counsel for the opposite party.

5th. There has been no default taken in this case."

[Signed]                    R. G. BEALE.

It is urged by the appellant in this court, that it was irregular and illegal to proceed by rule in order to recover the attorneys fees against the estate, and that the service on *Robert G. Beale* was an insufficient service, because he was not the attorney of *Mrs. Nolan* and her children but was the attorney for *John T. Nolan* and others, *Nolan's* heirs.

It is further urged, that the claim is not due by the succession but by the legatees for whom the services were rendered, and must be paid by them out of their own means.

We think the first of these objections well taken, and express no opinion upon the other, which involves the construction of the compromise.

The fees for services of an attorney at law, although he has acted in the relation of a tutor *ad litem*, under an appointment by the court, we think cannot be recovered in a proceeding by rule after the determination by a final judgment of the litigation in which he has been employed. It comes within the rule laid down by this court in the case of *Thomas,* administrator, v. *Bourgeat,* 6 Rob. 437, where it is said, that "The right to proceed by rule or on motion implies the pending of a suit between the parties, and is confined to incidental matters which may arise in the progress of the contestation, except in certain cases where the summary proceeding is expressly allowed by law." See 3 An. 434; C. P. 170.

We know of no law providing for the trial of the demand of the curator *ad litem,* for his fees, after final judgment, by way of a summary proceeding. Perhaps, under the present law, it would be more regular, except *in concurso,* to commence such proceeding by petition and citation in all cases. See Acts 1855, 162, §1.

One of the great evils complained of under the law previous to the Constitution of 1845, was the allowance of fees to attorneys acting as curators, &c., on a simple motion. To prevent this abuse, the 71st Article of that Constitution was adopted. Under that Constitution, the Act of 21st March, 1850, was passed, which provides, "That in any suit or proceedings where a fee or compensation not established by law be involved, it shall be allowed to either party to pray for a trial by jury, whether said fee or compensation be claimed from an insolvent estate or a succession, whether by way of opposition or otherwise."

This statute has been reënacted by the first section of the Act of 1855, just cited.

Under this law, which allows the trial by jury, it is the duty of the courts to prevent the recurrence of those evils which were incident to the loose manner in which compensation was allowed, under the old law, to attorneys and others.

A regular suit in which the opposite party is cited, and has an opportunity of being heard by way of answer, is one of the best safeguards, and ought not to be dispensed with, where the same can be conveniently resorted to, even during the pendency of the suit.

In the case before us, however, the judgment between the parties to the

original suit had become final before the rule was taken, and, consequently, there was no suit on which it could be engrafted, conceding a rule to be a regular mode of proceeding.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that said rule be discharged as in case of a non-suit, the plaintiff in the rule paying the costs therein in both courts.