JNO. M. E. SHARP *v.* G. Y. BRIGHT et als.—WM. BEATTY, Surety.

A surety on a sequestration bond cannot be proceeded against by rule or on motion.

The failure on the part of a surety, against whom a rule has been taken, to answer the rule, cannot be construed as a waiver of his right to except to such proceedings.

APPEAL from the Fourth District Court of New Orleans, *Price. J.*

*Mott & Fraser,* for plaintiff. *E. Hiestand,* for defendants and appellants.

VOORHIES, J. The only question presented for adjudication in this case is, whether the surety on a sequestration bond can be proceeded against by rule or on motion. As this surety is not a party to the suit, in the progress of which the bond is taken, he cannot, in the absence of express legislation to that effect, be sued in the summary way.

It has already been held, " that the right to proceed by rule, or on motion, implies the pendency of a suit between the parties, and is confined to incidental matters, which may arise in the progress of the contestation, except in certain cases where a summary proceeding is expressly allowed by law." Vide 3 An. 434, *Baker et als.* v *Doane et als.; 6 R. 437, Thomas, Adm'r., v. Bourgeat, Ex'r.*

In cases of attachment, there is express legislation authorizing summary proceedings against the surety (Act 1839, p. 162); but there is no such provision for sequestration bonds.

The rule taken by the plaintiff against *Wm. Beatty,* the surety on the sequestration bond furnished by the defendants, was unauthorized; and the judgment of the District Court, making him responsible summarily for the amount of the judgment obtained against his principal, must be reversed; unless, as contended by the plaintiff, the appellant has waived his objection by his failure to file an exception to that effect. Had he joined issue on the merits of this rule, and proceeded to the trial without insisting on his objection to a summary proceeding, then the authorities quoted by the appellee would apply, and the appellant would

be held to have waived his right to except. But his mere failure to appear to answer the rule cannot preclude him, on the appeal, to avail himself of this radical defect in the proceedings.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, without prejudice to the right of the plaintiff to proceed *via ordinaria* against the appellant, *Wm. Beatty,* on the sequestration bond.

It is further ordered and decreed, that the plaintiff pay the costs in both courts.