## No. 6543.

### LOUIS FISCHEL VS. DR. ARMAND MERCIER.

Acts No. 47 of the Legislature of 1873 and No. 105 of 1874, providing for the sale of the property of delinquent tax-payers by State tax collectors, commented upon and construed.

Decision in case of the State EX REL. Norcross vs. Lynch, Judge, etc., 27 An. 704, affirmed.

Tax Collector's sales are only *prima facie* valid, i. e. the burden of proof is shifted upon the defendant, who has the right to show that the formalities of the law have not been fulfilled, under the Statute, and that the sale is invalid.

Although the proceeding by which the purchaser at a tax-sale, is to be ordered to be put in possession, should be summary, still the Statute does not provide that the purchaser may proceed by Rule, and, therefore, he must bring suit against the defendant by Petition and Citation.

APPEAL from the Superior District Court and Third District Court, parish of Orleans. *Lynch, J.*

Braughn, Buck & Dinkelspiel for Plaintiff and Appellee :

We contend that in this case all the formalities of law have been complied with.

That the proceedings, being summary, may be tried at any time, in the manner provided by law.

That our title, being conclusive, could not be attacked collaterally, but, if at all, by direct action.

That this action being more of a possessory than a petitory one, the question of ownership could not be entered into.

"A sworn officer is always presumed to have done his duty, until the contrary is proved," and the tax-collector being such an one, defendant must show that he failed to do so.

The assessment being the judgment, and that being valid, there was no necessity for a citation. The sale following was the execution.

A. B. Phillips and Samuel P. Blanc for Defendant and Appellant ;

From the note of evidence it will be seen that defendant was not even permitted to show that the property had been sold without due advertisement, whether in number, dates, or description. He was not so much as allowed to put in his own titles, and, in fact, he was completely gagged.

Tax-collectors could not sell, in 1875, for back tax, beyond two years back. Acts 1873, No. 17, p. 56, sec. 1 (bottom p. 56). But, as defendant was not allowed to put in advertisement to show the tax for which the property sold, the necessary facts are not before the Court.

There remains the question as to whether the plaintiff has proved his case.

We have already shown your Honors that the tax-collector's deed is, at best, only *prima facie* evidence of a valid sale, by which is meant that it is proof of the observance by the tax-collector of the ceremonies attending the sale, of the steps he himself takes toward a sale. But it is no proof of the existence of an assessment (the judgment), which must be the foundation of his right to proceed against the property. Brady vs. Offut, 19 An. 185.

So the notice required to obtain jurisdiction over the defendant, and as a condition precedent to a seizure and sale, it has been decided, must be proved by the person claiming title. 30 An. 1274.

The opinion of the Court was delivered by

FENNER, J. The plaintiff claims possession of the property of defendant under a tax-collector's title made under the provisions of Act No. 105 of 1874, said property having been previously adjudicated to the State at a tax-sale made under the provisions of Act No. 47 of 1873. He also presents a further title from the Auditor of the State, made after non-redemption within six months ; and demands to be put in possession as directed by section four of the Act 47 of 1873.

An analysis of section one of the last-mentioned act will disclose the following necessary requisites to a valid sale of property by a tax-collector, viz.:

First. There must be an assessment of the property for taxation against the owner.

Second. There must be a public notice in the manner and during the time required by law.

Third. There must be a failure to pay the tax within ten days after the expiration of the foregoing public notice.

Fourth. The collector must then give ten days written or printed notice to the owner or agent to pay said tax.

Fifth. After this delay, if not paid, the collector must make a seizure of the property by recording a description of the same, with the amount due, in the mortgage-book of the parish in which the property is situated.

Sixth. On the fourth day after said recordation, he shall proceed with the sale thereof, by advertising three times within ten days in the official journal, or, in country parishes, by public notice for such ten days.

Seventh. After the expiration of said advertisement or notice, and on the day fixed therein, the collector may make the sale.

The fourth section of the Act provides:

"That the tax-collectors shall be, and they are hereby, authorized to give a title in the name of the State of Louisiana to all persons purchasing property sold *in pursuance of this Act;* and *such* title shall ·be held in, and recognized by, the courts of this State as valid in law ; upon the presentation of a title *so* given, to the district or parish court, it shall be the duty of the judge to order the sheriff to put such persons in possession of the property so purchased by them."

By the express terms of the foregoing section it conclusively appears that the tax-collectors are only authorized to give title where the property has been " sold in pursuance of this act ;" and it is equally apparent that a sale is not made " in pursuance of the act," unless the express requirements heretofore enumerated have been complied with. It is only "such title," i. e. under a sale made "in pursuance of the act," that the courts are required to recognize as " valid in law." And it is only " on the presentation of a title *so given* " that the courts are required, through orders to the sheriff, " to put such persons in possession of the property *so* purchased by them."

The nature and form of the judicial proceeding authorized to be taken to obtain possession, are not clearly defined in the act. This Court has, however, partially interpreted it, and has held that " as the act does not, in express terms, declare that the order to the sheriff to put the purchaser in possession shall issue without notice, we may well construe it as adopted with reference to the general laws relating to summary proceedings in the courts of the State, and as authorizing the district courts, to which application is to be made, to require the necessary legal notice to be issued to the party to be ousted, and to dispose of the contest in a summary manner."

State vs. Judge, 27 A. 704.

We certainly consider this interpretation not only reasonable, but absolutely necessary, in order to give any validity whatever to the provision referred to. The proposition that a man may be turned "neck and heels " out of his home, or out of possession of any other property, under an order of a court made upon the presentation of a mere paper title, without any opportunity afforded to contest its genuineness, or, even if genuine, its validity, involves too absurd a violation of the constitutional prohibition against depriving a man of his property " without due process of law " to have it supposed that such an intention could ever have been entertained by any legislature. The law evidently contemplated a "judicial proceeding." Mr. Webster, in the Dartmouth College case, defined " the law of the land " to be " a law which hears before it condemns ; which proceeds upon inquiry, and renders judgment only after trial." This definition, as applied to " due process of

law" in judicial proceedings, has been affirmed by many judicial decisions, and it is now settled, as a general proposition of law, that in judicial proceedings "the law of the land requires a hearing before condemnation, and judgment before dispossession." The summary proceedings allowed in the assessment and collection of taxes are, to some extent, exceptional; but they do not extend to exempting from the operation of the general principle proceedings for the enforcement of titles to property under tax-sales. Such conveyances, in absence of statutory regulation, must be enforced like other titles; and being executed under statutory power, they would not ordinarily be evidence of title, without affirmative proof that all the requirements of the statute had been complied with. It rests, however, with legislative power to make such deeds *prima facie* evidence of title, the effect of which is to shift the burden of proof to the defendant, and to require him by countervailing proof to rebut the presumption of validity. Such, and no other, was the effect of art. 118 of the constitution of 1868. It did not justify or authorize a dispossession of the former owner, without notice, hearing, and judgment. The plaintiff in this case has so far complied with the requirements of law as to have given notice to the adverse possessor, defendant herein; but his proceeding, original and independent in its nature, has been commenced by a *rule* notifying and ordering defendant to *show cause* on a certain day why the relief applied for should not be granted. To this mode of proceeding the defendant has duly excepted.

It was no doubt the intention of the statute that the proceedings authorized should be summary in their character; and had the proceedings by rule been expressly directed by the statute, it would not have been objectionable. But there is no such direction; and as we hold that the proceeding authorized is a judicial proceeding, with all its incidents and characteristics, it follows that it must be governed by the general rules of law applicable to such proceedings, so far as those rules are not modified by the statute. Those general rules undoubtedly require every judicial demand to be commenced by petition and citation. C. P. 170, 171.

"The right to proceed by *rule* or motion (ordinarily) implies the pendency of a suit between the parties, and is confined to incidental matters in the progress of the contestation, except where a (such) summary remedy is expressly allowed by law."

Thomas vs. Bourgeat, 6 Rob. 437.

Copley vs. Conine, 3 An. 207.

Baker vs. Doane, 3 An. 434.

6 A. 485, 12 A. 201, 14 A. 390, 18 A. 512, 22 A. 156.

The right to initiate an original judicial proceeding by a rule to show

cause must be derived from express statutory authority. In the absence thereof, we cannot recognize such mode of proceeding.

Even if the statute had expressly directed that the proceeding should be summary, that alone would not authorize the initiation of an original personal action otherwise than by petition and citation.

The conclusion reached by us on this point dispenses us from the necessity of reversing the extraordinary rulings of the judge *a quo* in refusing to receive any evidence whatever in support of defendant's answer, which expressly denied that any of the essential prerequisites of the tax-sale had been complied with ; but as a guide for the conduct of further proceedings in this and similar controversies, we would say that such rulings rendered the notice given to defendant useless and unavailing and converted the merely *prima facie* valid tax-deeds into absolute and irrefragable titles. Such was not the intention of the law, and if it had been, it would have rendered the law unconstitutional and void.

We dispose of the case, however, by sustaining the exception to the mode of proceeding.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed ; that the exception of defendant to the proceeding by rule be sustained ; that plaintiff's suit be dismissed ; and that plaintiff and appellee pay costs of the lower court and of this appeal.