Statement.
MONROE, J.
The widow and heirs of D. J. Gary filed iñ the succession proceedings a pleading, in the form of a rule, alleging that they are the owners by inheritance of two certain tracts of land (which they describe), with the improvements thereon, and that the same are now “held and occupied by one C. E. Brenholz, * * * without right or warrant in law and in contravention of his judicial disclaimer of any right, title, or interest in said land.”
They further allege that they “are entitled to the peaceful and undisturbed possession of their property,” and they pray that Bren-holz be ordered to show cause “why a writ of possession should not issue, directed to the sheriff, * * * commanding him. to place them in possession.” So far as the record shows, no order whatever was made by the trial judge; but the clerk issued an order in conformity with the prayer of the movers, and Brenholz, through his counsel, appeared as follows:
“Now into court, * * * for the purpose of this exception only, comes C. E. Brenholz, and by way of exception shows that the attempt to proceed by rule in the said matter is unauthorized and illegal; that the plaintiffs admit that the property which they allege belongs to them is possessed and claimed adversely, as owner, by exceptor, and cannot try the said issue save by direct action against him; that the rule herein taken is not incidental to any proceeding, nor has exceptor been a party to any proceeding or judgment alleged on; that no citation has issued, nor service been made, as the law requires; and that no judgment rendered upon said pretended rule could be ‘res judicata’ as to any one,” etc.
On the trial of the exception, exceptor offered. in evidence, to prove rem ipsam, two petitions, showing that plaintiffs ip rule had theretofore brought petitory actions against him for the recovery of the property referred to in the rule, in which actions they appear to have taken voluntary nonsuits; and plaintiffs in rule offered the mortuaria in the succession of L. T. Gary and certain other documentary evidence, which the trial judge, over the objection of exceptor, admitted, “to make up the record,” but subsequently ignored, on the ground that he was called on merely to pass upon the exception, which being thereupon maintained, plaintiffs have appealed.
Opinion.
The statement in the exception that “plaintiffs admit that the property which they allege belongs to them is * * * claimed adversely as owners by exceptors” was made in error; but it remains, nevertheless, that plaintiffs allege that defendant (exceptor) is in possession of the property, and that, as a matter of fact, he is holding under some adverse claim is evident; otherwise, it would be unnecessary to proceed against him. But “the right to initiate an original judicial proceeding by a rule to show cause must be derived from express statutory authority.” Fischel v. Mercier, 32 La. Ann. 707. Such right—
“implies the pendency of a suit between the parties and is confined to incidental matters which may arise in the progress of a contestation, except, in certain cases, where a summary proceeding is expressly allowed by law. Thomas, Administrator, v. Bourgeat, 6 Rob. 437; Copley v. Conine, 3 La. Ann. 206; Baker et al. v. Doane et al., 3 La. Ann. 434; Nolan’s Heirs v. Taylor, 12 La. Ann. 202; Sharp v. Bright et al., 14 La. Ann. 390; Code Prac. arts. 98, 170, *1031 754.” Succession of Jamison, 108 La. 282, 32 South. 382.
The statement, in the syllabus of the opinion in the case entitled “New Orleans National Bank v Raymond,” 29 La. Ann. 355, 29 Am. Rep. 335, that “any party in interest may proceed by rule to remove anything which illegally clouds his title,” is too broadly made, and the ruling in that case, upon which appellants rely, has no application to the facts here presented.
Judgment affirmed.