SOMMERVILLE, J.
Originally, this was a concursus proceeding provoked by the state of Louisiana and the parish of Sabine, wherein there were impleaded C. S. Jackson & Co., contractors for building a public road, the United States Fidelity & Guaranty Company, their surety, and various workmen, subcontractors, and materialmen who had recorded liens upon the work. The contractors had defaulted, their surety had completed the road, and there was a balance due by the state of $7,070.02 on the contract. It was statéd in the petition that this amount had been placed in the hands of the clerk of court, and the judge had ordered it to be deposited in the Whitney Central Bank of New Orleans. During the course of the trial, it developed that no deposit of the fund had been made, and that there was nothing to contest over. Thereupon the judge announced that he had been told by counsel for the state that he (counsel) had been advised by the Sabine State Bank that the fund had been arranged by the police jury to-be paid over upon demand of the court. The trial was then proceeded with to final judgment.
The judge did not say what arrangements had been made by the police jury, or that there had been any deposit made by the state or parish. It appears to have been assumed by the surety company, one of the defendants, that the money had been given by the state to the clerk of the court, and by him had been deposited in the Sabine State Bank, for it has filed a rule in this proceeding to compel the clerk and bank to pay said amount to it.
The surety company also filed a petition for an injunction directed against the Sabine *253 State Bank, enjoining it from paying said fund to any one but it.
Tbe clerk and bank answered that mover in rule was no longer a party to the proceeding, having been dismissed therefrom on an exception of no cause of action filed by it, as evidenced by the judgment in the case (137 La. 931, 69 South. 751), and that it could not now proceed in such summary manner; and they denied that a deposit had been made with either of them.
The bank answered the injunction suit, denying that the state or clerk of court had deposited any amount with it, and that it had or had ever had the fund in question for account of the parish of Sabine or any one else.
The rule and petition for injunction were dismissed, and the surety company has appealed.
[1, 2] The contract sued on in the concursus was made by and in the name of the state. The parish of Sabine was without authority to file the proceeding for a concursus. It owed nothing to any one under the contract. It owed one-half of the cost of building the road to the state. Nevertheless, it made itself a party plaintiff, and the laborers, materialmen, and subcontractors appeared and obtained judgment against it. As the parish did not appeal from the judgment it became final, and that portion of the judgment was not reviewed or passed upon on the appeals of Jackson & Co. and the Surety Co. 137 La. 931, 69 South. 751.
[3-5] C. S. Jackson & Co. and the United States Fidelity & Guaranty Company appealed from the judgment of the district court rendered in the concursus proceeding. The judgment was affirmed against C. S. Jackson & Co., but it was reversed as against the surety company, and the exception of no cause of action filed by said surety company was maintained, and the suit of the state and parish was dismissed in so far as said surety company was concerned. The surety company ceased, on the rendition of that judgment, to be a party to this litigation; and it ceased to have any interest in any deposit which the state of Louisiana may have made therein. “A suit dismissed is the same as if it had never been instituted.” Gardere v. Foucher, 4 Mart. (N. S.) 352; Meyers v. Birotte, 41 La. Ann. 745, 6 South. 607. Having ceased to be a party to the suit on the maintenance of its exception, the surety company was a third party thereto, and could not proceed by rule, or other summary manner, in this case, particularly against the clerk of the court and the Sabine State Bank, who were not parties to the suit at any time.
“The right to proceed by rule is confined to incidental matters which may arise' in the progress of a suit, except in summary cases, where this form of proceedings is sanctioned by law.” Hernandez v. Hughs, 22 La. Ann. 245.
“The right to proceed by rule, or on motion, implies the pendency of a suit between the parties, and is confined to incidental matters which may arise in the progress of the contestation, except in certain cases where a summary proceeding is expressly allowed by law.” Thomas v. Bourgeat, 6 Bob. 435; Nolan v. Taylor, 12 La. Ann. 202; Fischel v. Mercier, 32 La. Ann. 707; Succ. of Gary, 120 La. 1030, 46 South. 12.
On the trial of the rule and the petition for injunction, which were tried and disposed of at the same time, the surety company did not offer any evidence whatever to show that a deposit had been made in court or in the Sabine State Bank of any money by the state or by the parish. The bank answered the petition of the surety company, and denied that it had the $7,070.02 which was claimed in said rule and petition, and alleged that no such amount had been deposited by the state or the clerk of the court with it, and that no money whatever had been deposited to the credit of this suit by any one. The answer was sworn to by the president of the bank, *255 and that is the only evidence on the matter, except the testimony of the clerk of court to the same effect.
The surety company offered in evidence the answers of the parish treasurer to a garnishment process sued out by the workmen and others against the parish of Sabine under the judgment in their favor against the parish, in which the parish treasurer answered :
“I had and now have in my possession, as the treasurer of the parish of Sabine, set apart as a balance due to somebody for the building of the Many-Eort Jessup Highway, the sum of $7,070.02, the same to be paid at any time to whomsoever the court might or may order it to be paid.” “Yes, the parish of Sabine long since set apart $7,070.02 as the balance due for the construction of the Many-Eort Jessup Highway, and has been ready and willing to pay same to whomsoever the court might direct in the concursus proceeding.”
But the parish of Sabine and the parish treasurer are not defendants in this rule and suit for injunction, and plaintiff, the surety company, has declared that the fund it is claiming was deposited in the Sabine State Bank by the state of Louisiana, and it seeks to enjoin the bank “from in any manner disposing of the fund of $7,070.02 tendered by the state in suit entitled State of Louisiana et al. v. O. S. Jackson & Oo. et al., No. 5222 •of the docket of this court, and by the authority of this court deposited in the Sabine State Bank,” etc.
The state is not shown to have made a deposit of any kind or anywhere, in this proceeding or otherwise.
Plaintiff in rule showed that the costs of court in the concursus proceeding had been •ordered paid out of a fund identified with the suit, and that the Sabine State Bank had paid them; but it was shown that the court costs were paid in the usual way, and out •of the general funds of the parish, of which the bank was the depositary; and that they were not paid out of any fund deposited by the state, or to the credit of this suit.
[6] The evidence clearly shows that the state did not at any time deposit with the clerk of court or the Sabine State Bank any amount whatever in this proceeding, and that the latter have no money in their possession subject to the claims of any party to this litigation.
The judgment appealed from is affirmed at the cost of the United States Fidelity & Guaranty Company.
MONROE, O. J., not having heard the argument, takes no part.