(112 So. 410)

No. 28305.

### BARRETT v. PIERSON.

March 28, 1927.

*(Syllabus by Editorial Staff.)*

1. **Executors and administrators** &#9702;&#10132;194(1)— Succession; statute permitting widow to demand and receive periodical allowance from husband's estate held to permit summary proceeding therefor (Rev. Civ. Code, art. 2382, as amended by Act No. 113 of 1926; Code Prac. art. 754).

Rev. Civ. Code, art. 2382, as amended by Act No. 113 of 1926, permitting surviving spouse in necessitous circumstances to demand and receive from executor of succession of spouse, dying rich, periodical allowance during pendency of proceedings, *held* to authorize summary proceeding, under Code Prac. art. 754, by widow's rule to show cause why executrix should not pay her monthly allowance.

2. **Executors and administrators** &#9702;&#10132;194(7)— Succession; on avoiding judgment which held widow could not obtain provisional allowance by summary proceedings, appellate court had no jurisdiction to determine case on merits (Rev. Civ. Code, art. 2382, as amended by Act No. 113 of 1926).

On appeal from judgment sustaining exceptions to rule brought by widow, under Rev. Civ. Code, art. 2382, as amended by Act No. 113 of 1926, to recover periodical allowance from husband's estate, on ground that proceeding was unauthorized, appellate court on avoiding judgment and holding proceeding proper had no jurisdiction to determine case on merits, in view of provisions of such statute that allowance should be fixed by court wherein proceedings were pending.

Appeal from Ninth Judicial District Court, Parish of Rapides; R. C. Culpepper, Judge.

Summary proceeding by Mrs. Annie Barrett against Mrs. Annie Barrett Pierson, testamentary executrix of succession of Edward J. Barrett. On rule to show cause why payment should not be made to plaintiff, as surviving widow, of monthly sums until final liquidation of the estate. Judgment sustaining exception of executrix and dismissing rule, and plaintiff appeals. Judgment avoided, and case remanded.

Hakenyos, Scott, Provosty & Staples and B. T. Dawkins, all of Alexandria, for appellant.

Overton & Hunter, H. W. Hill, and Gus. A. Voltz, all of Alexandria, for appellee.

BRUNOT, J. The plaintiff is the second wife and surviving widow of E. J. Barrett, deceased. By virtue of a marriage contract there was no community of acquêts and gains existing between them. The deceased died testate and left an estate consisting wholly of his separate property, which was inventoried at approximately $220,000, and debts in excess of $60,000. The deceased was survived by four children, the issue of his first marriage, and by a granddaughter, the issue of a predeceased child of that marriage.

Mrs. Annie Barrett Pierson was named as executrix in the will of the deceased. Mrs. Pierson presented the will for probate; it was probated, and she was confirmed and qualified as executrix. In due time the executrix filed a provisional account and tableau of the property and debts of the succession and prayed that the provisional account be homologated. The plaintiff opposed this account. In her opposition she alleged that her deceased husband was a rich man at the time of his death; that he left her a legacy of only $1,000; and, that she is a widow in necessitous circumstances, within the meaning of article 2382 of the Revised Civil Code of Louisiana, and is therefore entitled to the usufruct of a child's share of the estate. Opponent also challenged the correctness of the account, particularly the items shown thereon as interest due the minor, Mary Barrett, and the commission of the executrix. Opponent prayed for a judgment sustaining her opposition, recognizing her as widow of the deceased, in necessitous circumstances, and decreeing her to be entitled to the usufruct of a child's portion of the estate of the deceased, less the sum bequeathed to her as a legacy, and that she be decreed the owner of certain inventoried household furniture and effects. The executrix moved to dismiss the opposition for certain enumerated reasons, all of which are set forth, at length, in article 9 of said motion. It is not necessary to state these reasons for, after a hearing on the issues thus presented, the district judge sustained the motion, dismissed plaintiff's opposition to the provisional account filed by the executrix, in all respects except only as to the items carried thereon as interest due the minor, Mary Barrett, and the commission of the executrix. Later the provisional account was homologated except as to the two items mentioned, and there was no appeal from either of these judgments.

Thereafter, plaintiff, under the provisions of article 2382, R. C. C., as amended by Act 113 of 1926, ruled the executrix into court to show cause why the estate of her deceased husband should not be condemned to pay her $150 per month, beginning on a day to be fixed by the court, and payable monthly thereafter until the final liquidation of the estate. The executrix excepted to the rule upon the ground that the proceeding was unauthorized and illegal. The exception was heard and sustained, and the rule dismissed. From this judgment plaintiff appealed.

[1] Appellee contends that the summary proceeding cannot be successfully invoked unless it be expressly provided by law, and that Act 113 of 1926, amending article 2382 of the Civil Code, does not expressly authorize such a proceeding. Appellee relics upon article 754, C. P., Gary v. Brenholz, 120 La. 1028, 46 So. 12; State v. Jackson & Company, 145 La. 250, 82 So. 213, and the authorities cited under articles 754, 755, Garland's Rev. C. P.

Article 754 of the Code of Practice follows:

"The summary process is to be used in every case where it is expressly prescribed by law."

In the case of Gary v. Brenholz, the court said:

"'The right to initiate an original judicial proceeding by a rule to show cause must be derived from express statutory authority.' Fischel v. Mercier, 32 La. Ann. 707. Such right 'implies the pendency of a suit between the parties and is confined to incidental matters which may arise in the progress of a contestation, except, in certain cases, where a summary proceeding is expressly allowed by law. Thomas, Administrator, v. Bourgeat, 6 Rob. 437; Copley v. Conine, 3 La. Ann. 206; Baker et al. v. Doane et al., 3 La. Ann. 434; Nolan's Heirs v. Taylor, 12 La. Ann. 202; Sharp v. Bright et al., 14 La. Ann. 390; Code Prac. arts. 98, 170, 754. Succession of Jamison, 108 La. 282, 32 So. 382."

There are other authorities sustaining the ruling in Gary v. Brenholz, but in none of these cases was the court called upon to de-

cide whether or not the summary process was denied to a person seeking relief under an act, providing for certain relief under certain circumstances, which indicates upon its face that the Legislature intended the proceeding should be summary. This question has twice been affirmatively decided by this court. In the case of Savage v. Jeter, 13 La. Ann. 239, the court said:

"Defendant argues that summary process can be used only where it is expressly allowed by law, and that this act does not declare that the cause must be tried summarily. It is not essential that an act should declare this in so many words, if it is clear, from a plain interpretation of the act, that the intention of the Legislature was to make the proceeding summary."

The same ruling is made in Boos v. McClendon, 130 La. 813, 58 So. 582. Although one of these cases involved the enforced surrender of a debtor's property and the other grew out of a primary election contest, nevertheless, both affirmed the principle that statutes relating to remedies and procedure must be liberally construed, with a view to the effective administration of justice.

The act amending article 2382 of the Civil Code is as follows:

"Section 1. Be it enacted by the Legislature of Louisiana, that article 2382 of the Revised Civil Code of 1870 be and the same is hereby amended and re-enacted so as to read as follows:

"Article 2382. When the wife has not brought any dowry, or when what she has brought as dowry is inconsiderable with respect to the condition of the husband, if either the husband or the wife die rich, leaving the survivor in necessitous circumstances, the latter has a right to take out of the succession of the deceased what is called the marital portion; that is, the fourth of the succession in full property, if there be no children, and the same portion, in usufruct only, when there are but three or a smaller number of children; and if there be more than three children, the surviving, whether husband or wife, shall receive only a child's share in usufruct, and he is bound to include in this portion what has been left to him

163 La.—18

as a legacy by the husband or wife, who died first.

"Whenever, during the administration of any succession, it appears that the surviving spouse will be entitled to the marital portion above provided for, upon final liquidation of the estate of the deceased, the survivor in necessitous circumstances shall be entitled to demand and receive from the executor or administrator of such succession, a periodical allowance to be fixed by the court wherein the proceedings are pending. Such allowance shall be based upon the apparent amount of the marital portion invested at five per cent. per annum interest. And should the marital portion, as finally fixed, not yield the revenue equal to the allowance as fixed by the court, the surviving spouse shall be charged with, and there shall be deducted from the marital portion, the amount of such deficiency. The provisions of this article shall apply to successions pending and unsettled, as well as those hereafter opened."

Inasmuch as the periodical allowance to the surviving spouse, provided for in the amendment to article 2382 of the Civil Code, is to be paid to the recipient, on demand, during the administration of the succession, and is to be fixed by the court wherein the succession proceedings are pending, the conclusion is, therefore, irresistible that the Legislature never intended to relegate the beneficiary, under the provisions of this article, to an ordinary suit, with its possible attendant delay, for the enforcement thereof.

[2] Appellant asks this court, in the event the proceeding by rule is sustained, to consider the exception to the rule as an answer and to render judgment on the merits. We are not warranted in assuming original jurisdiction and disposing of this case on the merits, even if we considered the exception an answer admitting the facts alleged in the rule, for the reason that article 2382, C. C., as amended, provides that the allowance shall be fixed by the court wherein the succession proceedings are pending; and we must remand the case for that purpose.

For these reasons the judgment appealed from is avoided and the case is remanded to be proceeded with according to law. The cost of appeal to be paid by the estate.

OVERTON, J., recused.