On Motion to Remand.
Jules Clement, Sr., his wife, Marie Anais Doucet, and Lindsey H. Dunn instituted an action against the Gulf Refining Company of Louisiana and four other defendants to annul a mineral lease executed on May 8, 1901, between Clement and his wife and the author in title of the five defendants. Prior to the appearance of any of the defendants, Clement and his wife filed a motion to withdraw from the suit and for the dismissal of their demands. The motion was opposed by Dunn, the coplaintiff of the movers, who asked that it be denied and stricken from the record. After a hearing between the parties, the court below dismissed the opposition, approved the withdrawal, and ordered that, as to Clement and his wife, the suit be dismissed. This ruling was appealed from by the opponent Dunn. The transcript of appeal was lodged in this court on January 7, 1928, and on February 17, 1928, appellant filed a motion to remand the case for the introduction of testimony bearing upon certain alleged fraudulent acts practiced upon appellant and upon appellees, whereby the latter were induced to withdraw from the suit. On March *Page 270 
12, 1928, Mr. and Mrs. Clement filed an answer to the motion to remand, in which they specifically deny the alleged fraudulent acts or that any fraud was practiced upon them or upon appellant, and aver that, from the time of making their motion to withdraw, and for some time prior thereto, it has been their constant and consistent desire to withdraw and discontinue the suit; wherefore they pray that the motion to remand be rejected.
We think the application of the appellant must be denied. The question to be determined in due course upon this appeal is whether the appellees Clement and his wife have the right to withdraw from the suit which they instituted jointly with the appellant. If they have that right, the causes by which they are induced to exercise it are unimportant. Whatever one has a legal right to do, he may do it with impunity, regardless of motive. 1 R.C.L. 319; Jones v. Jones, 119 La. 677, 44 So. 429. On the other hand, if they do not have that right, their motives for attempting to exercise it are immaterial, since they cannot be urged in defense of their illegal act.
For the reasons assigned, the motion of Lindsey H. Dunn, appellant, to remand the case, is denied, at his cost.
 On the Rule.