(136 So. 581)

## CLEMENT et al. v. GULF REFINING CO. OF LOUISIANA et al.

### No. 30873.

### July 17, 1931.

Cullen R. Liskow, of Lake Charles, Percy T. Ogden, of Crowley, Val Irion, of Shreveport, and N. Smith Hoffpauir, of Crowley, for appellants.

J. S. Atkinson and Frederick E. Greer, both of Shreveport (John E. Green, Jr., of Houston, Tex., of counsel), for appellee Gulf Refining Co. of Louisiana.

Chappuis & Chappuis, of Crowley, for appellee Jennings-Heywood Oil Syndicate.

ODOM, J.

Jules Clement, Sr., and his wife, Marie Doucet Clement, and Lindsey H. Dunn instituted a suit to cancel a mineral lease granted by Jules Clement, Sr., to S. A. Spencer & Co., the authors in title of the Gulf Refining Company, and others, defendants in this suit; said suit having been filed on October 3, 1928.

On October 17th following, before any of the defendants made appearance, said Clement and his wife filed a motion to withdraw from the suit as plaintiffs, and asked that the suit be dismissed as to them on the ground that it was not well founded in law and in fact. Their coplaintiff, Lindsey H. Dunn, opposed the motion and asked that it be denied and stricken from the record. Dunn's opposition to the motion was overruled by the trial court and the suit as to Mr. and Mrs. Clement was dismissed. Dunn appealed to this court and the judgment was affirmed. Clement et al. v. Gulf Refining Co. of Louisiana, 169 La. 268, 125 So. 73.

After the judgment of this court became final, Lindsey H. Dunn, coplaintiff with the Clements in the original suit to cancel, presented an application to the court setting out that his coplaintiffs had withdrawn from the suit, and alleged that inasmuch as they owned an undivided three-fourths interest in the land on which the lease operated, they "are necessary parties before this court in this action seeking the cancellation of .said oil, gas and mineral lease," and prayed that they "be served as parties defendant herein with this petition and with a certified copy of the original petition herein and cited to answer herein according to law." He further prayed that all the original defendants be served with a copy of this application. The court ordered that the petition be allowed, filed, and served as prayed for. This order was granted on December 14, 1929.

Whether the Clements were cited and served, and, if so, whether they made answer, is not disclosed by the record. But on January 5, 1930, they came into court by rule or motion setting out that they had withdrawn as parties plaintiffs from the original suit to cancel, but "that your movers desire to waive the results and benefits, if any, of the judgment allowing them to withdraw from this suit, and *desire to be recognized as parties plaintiff herein*," and prayed that said Lindsey H. Dunn and all the original defendants show cause "why movers herein should not be recognized as parties plaintiff in this cause." The court issued the rule as prayed for. All the defendants in the suit to cancel excepted to the rule on various grounds, one of which is as follows:

"That the attempt so to proceed by rule is unauthorized and illegal; that the issues tendered in said rule can not be prosecuted by the summary proceeding, and that the said rule should be dismissed at the cost of the movers."

There was judgment in the lower court in favor of defendants, and plaintiffs in rule appealed.

The question which we are called upon to decide is whether these plaintiffs can, by rule, have themselves reinstated or "recognized" as plaintiffs in the original suit to cancel the lease. Their counsel, in brief, say that it has been repeatedly held by this court "that the right to proceed by rule or motion implies the pendency of a suit in court and is confined to incidental matters arising in the progress of contestation, except where summary proceeding is expressly allowed by law." They proceed to argue that a case like this one is an exception to the general rule "that such proceeding is unauthorized and in this matter is authorized under article 755 of the Code of Practice, because it is an incidental proceeding arising in the course of a civil proceeding. The original suit between the same parties has always been pending in court and the question of the withdrawal of Clement and his wife was an incidental matter; so likewise was their motion to be reinstated as coplaintiffs with Dunn, is an incidental matter arising in the progress of the same contestation and is not the institution of an original proceeding."

The error into which counsel have fallen is their failure to recognize the fact that when the Clements, plaintiffs in the present proceeding, withdrew from the original suit and when it was "dismissed" as to them, they were out of court; thereafter there was no suit, no issue pending in court as between them and the defendants. Their suit was dismissed without reserve at their request and on their own motion. They abandoned their demands against the defendants, and thereafter they.

were in the same situation as though the suit had never been brought. The suit, as to them, had ceased to exist.

It is true that their coplaintiff, Dunn, was still in court, and as between him and the defendants there was still a cause pending. But as to these plaintiffs, the Clements, their suit was dead, and they were out of court.

They had no more connection with the suit pending between Dunn and the defendants than if they had never joined therein as parties plaintiff.

In the case of Gilbert et al. v. Nephler & Boyle, 15 La. 59, it was stated by the organ of the court, "when a suit is discontinued, there is nothing before the court."

Article 491 of the Code of Practice provides that:

"The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs."

And article 492 provides that:

"After discontinuing the suit, the plaintiff may bring the action anew."

This latter article of the Code prescribes the only method by which a plaintiff may revive his cause of action once he has abandoned or discontinued it. He must "bring the action anew"; that is, he must bring a new suit. He must proceed precisely as though he had not been in court before. When he voluntarily discontinues or dismisses his suit, his cause of action may survive, but his suit dies and there can be no resurrection of dead lawsuits under our system. These plaintiffs, in proceeding by rule to have themselves "recognized" as parties plaintiff in their original suit, are attempting to engraft a live issue into a dead suit. Their efforts to do so are as futile as would be an attempt to engraft a live twig onto a dead bough.

The identical question here presented was before the court in the case of Gilbert et al. v. Nephler & Boyle, 15 La. 59, cited supra. In that case, the plaintiffs "obtained leave to discontinue their suit." Two and a half years later, they reappeared and took a rule upon the curatrix of the estate "to show cause why the suit should not be reinstated."

The court said:

"We know of no law sanctioning such a course of proceeding. When a suit is discontinued, there is nothing before the court; but the party discontinuing is at liberty to bring a new action after paying the costs of the first suit. Code of Practice, article 492."

The holding in this case was approved in the case of Gilbert et al. v. Meriam, 2 La. Ann. 160. The second paragraph of the syllabus of the latter case reads as follows:

"Where an action has been discontinued, it cannot be revived by a rule to show cause, and, if such revival be allowed, any judgment subsequently rendered, will be null."

The same question was involved in the case of Liquidators v. Berthelot Bros., 118 La. 380, 42 So. 971, 972. It was there held that where plaintiffs' suit is dismissed, their only remedy is to bring a new suit as provided by article 492 of the Code of Practice.

The court said:

"The suit has been discontinued. Plaintiffs were relegated to another suit both by the effect of the discontinuance and by the action of the court dismissing plaintiffs' motion to reinstate the case. It only remained for plaintiffs to proceed by petition and citation under article 492 of the Code of Practice."

In Monvoisin v. Plant, 147 La. 464, 85 So. 206, 207, the court said:

"A plaintiff, in any stage of the suit previous to judgment being rendered, may dis-

continue the suit on paying costs, and, after discontinuing the suit, he may bring the action anew; but he has no right to ingraft it upon the former proceeding. C. P. arts. 491, 492."

Counsel for appellant say this method of procedure is authorized by article 755 of the Code of Practice, and they cite the case of Barrett v. Pierson, 163 La. 541, 112 So. 410, in support of their contention.

Article 755 of the Code provides that judgment shall be pronounced summarily "on all incidental questions arising in the course of a civil trial."

This article has no application for the reason that the rule in the case at bar was not filed "in the course of a civil trial," in which plaintiffs in rule had any interest. When the rule was filed, they were not in court.

In the case of Gary v. Brenholz, 120 La. 1028, 46 So. 12, 13, it was held that the right to initiate an original judicial proceeding by rule to show cause "implies the pendency of a suit between the parties and is confined to incidental matters which may arise in the progress of a contestation, except, in certain cases, where a summary proceeding is expressly allowed by law."

In the case of Barrett v. Pierson, supra, relied upon by counsel, a succession was under administration, and the widow of deceased proceeded by rule against the executrix to show cause why she should not be paid a certain amount each month out of the succession as alimony. The executrix resisted the rule on the ground that summary proceedings cannot be successfully invoked unless expressly provided by law and that article 2382 of the Civil Code, as amended by Act 113 of 1926, under which plaintiff in rule was proceeding, does not authorize such proceeding. The

court held, however, that the contention of the executrix was not well founded.

The reason for the court's ruling is obvious. The succession of the deceased husband was under administration, in progress. The surviving wife claimed the right to be paid a certain amount each month as alimony. If her claim was well founded, it was the duty of the executrix to pay it "during the administration." The claim arose and the demand was made as an incident to the administration, and it was held that the Legislature did not intend "to relegate the beneficiary, under the provisions of the article, to an ordinary suit, with its possible delay, for the enforcement thereof." That case has no application to the point which we have under consideration.

· We express no opinion as to the validity of the pleas of estoppel and res adjudicata interposed by defendants. The sole issue upon which we pass is whether plaintiffs in rule, having voluntarily dismissed their suit, may proceed by rule to have themselves "recognized" as plaintiffs in the original suit to annul the lease. We hold that there is no warrant in law for such proceeding.

The judgment dismissing the proceeding is affirmed, with costs.

O'NIELL, C. J., concurs in the ruling made in this case, but is of the opinion that Jules Clement and his wife are necessary parties to this suit, and that they may, by way of intervention, or in answer to Dunn's supplemental petition, making them parties, and in answer to his original petition, join him as coplaintiffs, unless they are forbidden so to do by their judicial allegations made in withdrawing from the suit.

OVERTON, J., recused.