Succession of SHELLEY.

No. 16930.

Court of Appeal of Louisiana. Orleans.
April 18, 1938.

R. E. Baird, of New Orleans, for Mrs. Myrtle Shelley Brown.

Arthur A. de la Houssaye, of New Orleans, for Mrs. Clara Linden.

WESTERFIELD, Judge.

Mrs. Clara Linden, widow of the late Walter P. Shelley, filed a pleading in the civil district court for the parish of Orleans in which she alleged that her husband died at his domicile in the city of New Orleans on May 15, 1936; that he had been married twice, the first time to Doria Pippo, from which union one child was born, namely, Mrs. Myrtle Shelley, wife of Eugene Brown; that there were no children born of the second marriage and no adopted children; that the only asset of the late Walter P. Shelley was an interest in a bank deposit in the Cank Bank & Trust Company, in liquidation, in the sum of $261.12 and "standing in the name of Arthur A. de la Houssaye, Trustee"; that the only debts were for funeral expenses, $181, and medical services in the sum of $33, both of which she alleges were paid by her; that she purchased certain property during her marriage with her separate and paraphernal funds and that she had contracted to sell this property but that the proposed purchaser has refused to accept title for the reason that Mrs. Brown, her husband's child by his first marriage "is laying claim to said property as an heir"; that she has expended $20 for court costs and agreed to pay $50 to her attorney for "opening this succession" and that she should be reimbursed these sums. She asks for judgment "recognizing petitioner, Mrs. Clara Linden, widow of Walter P. Shelley, as the sole and only owner of the real estate hereinabove described, and further that the community which existed between petitioner and her late husband, Walter P. Shelley, has no interest in same whatsoever and that Mrs. Myrtle Shelley, wife of Eugene Brown be ordered to show cause, at such time as this Honorable Court might fix, why a judgment should not be rendered herein as prayed for, recognizing petitioner as the sole and only owner of the property hereinabove described as having been purchased with her separate and paraphernal funds, and secondly, why petitioner should not be reimbursed for the last illness expenses of the late Walter P. Shelley, having been paid by petitioner out of her separate and paraphernal funds, and further why the expenses in the opening of this Succession should not be paid out of such assets as belong to this estate and thereafter the residue, if any, be paid by Arthur A. de la Houssaye, Trustee, to Mrs. Myrtle Shelley, wife of Eugene Brown, as heir of the late Walter P. Shelley."

Attached to the petition is an affidavit, sworn to by two individuals, to the effect that Walter P. Shelley died on May 15, 1936; that he was married twice; that only one child was born from both marriages, to wit, Mrs. Myrtle Shelley, wife of Eugene Brown, and that no children had been adopted.

Mrs. Myrtle Shelley Brown excepted to the rule to show cause on the ground that there was no right or cause of action; that the petition filed by the plaintiff was in the nature of a petitory action and "cannot be tried in the summarily manner of rule, but must be tried upon petition and citation. That the form of the action is improperly brought due to the absence of proper service and citation." The exceptions were overruled and an answer was filed by Mrs. Brown in which she denied that the property was paraphernal and averred that it was either the separate property of her late father, in which event she would be the sole owner as his heir, or that it belonged to the community existing between her father and mover, in which event she would be entitled to inherit one-half or his share of the community.

There was judgment below in favor of mover, Mrs. Clara Linden, widow of Walter P. Shelley, and Mrs. Brown has appealed.

The first question which attracts our attention is that concerning the form of the action raised by the exception of defendant in rule.

This is an action in jactitation by summary process, in the unusual form of a petition to open the succession of the parent of the adverse claimant whose claim to title is through the de cujus. It is an original judicial proceeding, the mortuaria not having been otherwise established by summary process. It can only be justified by express legal authority.

" 'The right to initiate an original judicial proceeding by a rule to show cause must be derived from express statutory authority.' Fischel v. Mercier, 32 La.Ann. [704], 707." Succession of Gary, 120 La. 1028, 1029, 46 So. 12, 13.

We have been referred to no authority and we know of none which permits an action in jactitation by summary pro-

cess. It should be instituted by petition and citation as an ordinary and not a summary proceeding because, in the absence of express authority the summary proceeding "'Implies the pendency of a suit between the parties and is confined to incidental matters which may arise in the progress of a contestation, except, in certain cases, where a summary proceeding is expressly allowed by law. Thomas, Administrator v. Bourgeat, 6 Rob. [435], 437; Copley v. Conine, 3 La.Ann. 206; Baker et al. v. Doane, et al. 3 La.Ann. 434; Nolan's Heirs v. Taylor, 12 La.Ann. [201], 202; Sharp v. Bright et al., 14 La.Ann. 390; Code Prac. arts. 98, 170, 754.' Succession of Jamison, 108 La. [279], 282, 32 So. [381], 382." Succession of Gary, supra. See, also, State et al. v. C. S. Jackson & Co. et al., 145 La. 250, 82 So. 213; Barrett v. Pierson, 163 La. 541, 112 So. 410; Clement et al. v. Gulf Refining Co. of La. et al., 173 La. 249, 136 So. 581; Succession of Esteves, 182 La. 604, 162 So. 194; Calcasieu Building & Loan Association v. Goudeau et al., 182 La. 247, 161 So. 599.

Our conclusion is that the exceptions should have been maintained.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment herein in favor of Mrs. Myrtle Shelley Brown and against Mrs. Clara Linden, widow of Walter P. Shelley, maintaining the exception addressed to the form of this proceeding and dismissing the suit at the cost of plaintiff in rule.

Reversed.