No. 799

First Circuit

————

COLLIGAN v. BENOIT
(In Re Rule on Carmouche and Brunson,
Sureties)

————

(June 30, 1931. Opinion and Decree.)
(October 7, 1931. Rehearing Refused.)

————

See also, 17 La. App. 597, 135 So. 616

Medlenka, Bruner & Chambers, of Crowley, attorneys for plaintiff, appellee.

W. J. Carmouche and H. G. Brunson, of Crowley, attorneys for defendant, appellant.

ELLIOTT, J. This case grew out of the suit entitled Theodore Colligan v. Eraste Benoit, in which the plaintiff Colligan brought suit against Eraste Benoit, defendant, provisionally seized his crop and recovered judgment against him for $468.63, with interest, maintaining the seizure of part of the crop, certain bales of cotton seized being ordered released.

The judgment in that case was suspensively appealed from by Eraste Benoit with W. J. Carmouche and H. Gordon Brunson as sureties on his appeal bond.

The judgment appealed from was affirmed. See Colligan v. Benoit, 13 La. App. 612, 128 So. 688.

Upon the return of the case to the lower court Colligan caused a writ of fieri facias to issue against Eraste Benoit on the judgment against him, which was returned nulla bona.

Colligan then proceeded by rule against Carmouche and Brunson, sureties on his appeal bond to show why judgment should not be entered up against them in solido for the amount due him on said judgment by Eraste Benoit.

They each appeared and urged in defense that Eraste Benoit had an equity in a crop which should be first applied to said indebtedness and furthermore that Mrs. Dorestine Benoit, surety on the forthcoming bond under which the property seized had been released, was liable before them. That property belonging to her had been seized and proceedings against them should be stayed until the property belonging to her had been sold and the proceeds applied to the judgment.

The trial resulted in judgment in favor of the plaintiff in rule and against Carmouche and Brunson as prayed for. Carmouche and Brunson each have appealed. This is the appeal now before us.

The record shows that Carmouche and Brunson both joined in the petition for and were granted a suspensive appeal from the judgment against them; both perfected their appeals, but when the case was called for hearing in this court neither appeared. Colligan, appellee, appeared and for answer to the appeal alleged that it was frivolous. He prayed that the judgment appealed from be affirmed. He alleges in his answer that appellants have abused the right by prosecuting a frivolous appeal and prays that they be condemned to pay damages for having done so.

W. J. Carmouche, after perfecting his appeal, departed this life. Emile A. Carmouche was appointed administrator of his estate.

Colligan, appellee, by the order of this court had his administrator made a party appellant in decedent's place.

After the appeal had been thus submitted to the court, but before any action on the appeal was taken in this court, H.

Gordon Brunson, the other appellant, also departed this life, leaving a widow, Mrs. Martha Ellis Brunson and a minor child, Hugh Ellis Brunson, his sole heir. Emile A. Carmouche was by the order of this court upon the petition of appellee appointed tutor ad hoc for the minor, and the said Martha Ellis Brunson and the said Emile A. Carmouche, in his capacity of tutor ad hoc, were made parties appellant in this court in place of the decedent, H. Gordon Brunson, and given 25 days from the service of notice of the order making them appellants in which to appear in support of the appeal. The required time having elapsed, and no brief nor other effort having been made by either of the appellants to support the appeal, we proceed to dispose of the case. An examination of the record does not disclose any error in the judgment appealed from. The judgment appears to be correct.

Appellee urges that the appeal was an abuse of the right and frivolous, and that appellants should be condemned to pay damages for having prosecuted a frivolous appeal. We can see no reasonable ground for the appeal, but, under the existing circumstances, we refrain from imposing any penalty on the present parties appellant.

Judgment affirmed. Appellants to pay the costs in both courts, but no execution is to issue on the judgment against W. J. Carmouche and H. Gordon Brunson signed in the district court on October 14, 1930, except for any balance that may remain due after process against Mrs. Dorestine Benoit on the judgment against her signed in the district court on September 5, 1930, has failed to obtain satisfaction of the amount due said Colligan on his judgment against Eraste Benoit signed in the district court on January 14, 1930.

No. 800

First Circuit

