No. 800

First Circuit

BENOIT v. COLLIGAN

(June 30, 1931. Opinion and Decree.)
(October 7, 1931. Rehearing Refused.)

See also, 17 La. App. 595, 135 So. 615.

H. G. Brunson, of Crowley, attorney for plaintiff, appellant.

Medlenka, Bruner & Chambers, of Crowley, attorneys for defendant, appellee.

ELLIOTT, J. In the case entitled Theodore Colligan v. Eraste Benoit, 17 La. App. 595, 135 So. 615, the present defendant, Colligan, obtained a writ of provisional seizure, under which a crop belonging to Eraste Benoit was seized. Eraste Benoit obtained the release of the property seized by giving a forthcoming bond which his. mother Mrs. Dorestine Benoit signed as surety.

There was judgment in the case in favor of Colligan, and the defendant Eraste Benoit appealed to this court. In this court the judgment appealed from was affirmed. See 13 La. App. 612, 128 So. 688. Upon the return of the case to the lower court Colligan issued a writ of fieri facias against Eraste Benoit, which was returned nulla bona.

Colligan then proceeded by rule against Mrs. Dorestine Benoit, surety on the forthcoming bond, to show cause why judgment should not be entered up against her for the amount of his judgment against Eraste Benoit, which was for $468.24, with interest thereon, with $72.75 clerk's cost and $17.24 sheriff's cost, and for cost of the rule.

Mrs. Benoit, although duly served with notice to appear and answer the rule, made no appearance. The rule was in due course made absolute, and judgment was entered up against her in favor of Colligan as prayed for. Colligan then caused a writ of fieri facias to issue on his judgment against Mrs. Benoit, under which certain immovable property belonging to her was seized and advertised for sale to pay the amount due on his judgment against her.

Mrs. Benoit obtained a **preliminary in-**junction against Colligan, but in doing so she was required to give an injunction bond for $725, which was signed by H. B. Baker as surety.

Her allegations may be summed up with the statement that in her petition for injunction she refers to the judgment rendered against her on the rule as a pretended judgment; but there is no direct attack alleging its nullity on any ground. She alleges that Eraste Benoit had been reserved the right in the judgment which Colligan had obtained against him in said suit to bring a certain action against Colligan, which suit would soon be filed, etc.; that in the judgment which Colligan had obtained against Eraste Benoit she could not be held liable on said forthcoming bond for the cotton which had been seized and the seizure of which had been maintained, etc.

No effort that we can see was made by her to make good her demands. The injunction was resisted by Colligan on a number of grounds. In the lower court there was judgment against her and H. B. Baker, the surety on her bond, dissolving the injunction and condemning them in solido to pay Colligan $65 damages on account of the wrongful obtainment of the same.

Mrs. Benoit took the present suspensive appeal to this court.

Colligan has answered the appeal, praying that the judgment appealed from be affirmed, except that the damages allowed in the lower court be increased to 20 per cent of the amount due him on said judgment, and that she be condemned to pay him 10 per cent in addition thereon for having abused the right of appeal by bringing before the court a frivolous appeal. No appearance has been made nor brief filed in behalf of Mrs. Benoit in this court. The record has been examined,

but we find no error in the judgment appealed from. The claim of Colligan for an increase of damages and his prayer that Mrs. Benoit be penalized for having abused the privilege of the law by bringing before the court a frivolous appeal has received our consideration.

We do not think the amount of damages allowed in the lower court should be increased. The attorneys representing Mrs. Benoit have both departed this life. Under the circumstances, we have decided not to impose any penalty against her.

The judgment appealed from is correct. Judgment affirmed; plaintiff-appellant to pay the cost in both courts.