## COLLIGAN v. BENOIT. *
### No. 906.

Court of Appeal of Louisiana, First Circuit.

May 3, 1932.

Pugh & Buatt, of Crowley, for appellant.

Medlenka, Bruner & Chambers, of Crowley, for appellee.

LE BLANC, J.

On January 10, 1931, Theodore Colligan obtained a judgment for rent in the sum of $468.63, against Eraste Benoit in the district court of Acadia parish. Under a writ of provisional seizure, he had seized a certain cotton crop to secure his rent claim, and the judgment also maintained the writ. On appeal to this court, the judgment of the district court was affirmed. See Colligan v. Benoit, 13 La. App. 612, 128 So. 688.

In order to obtain the release of his cotton, Eraste Benoit had furnished a forthcoming bond with Mrs. Dorestan Benoit as surety, in the sum of $600. The bond contained the usual condition that the property seized would not be removed from the jurisdiction of the court and would be produced in case he should be decreed to restore it, otherwise such judgment as might be rendered in the suit would be paid and satisfied.

Upon this judgment against Eraste Benoit becoming final, Colligan caused a writ of fieri facias to issue against him. This writ was returned "nulla bona" by the sheriff, whereupon Colligan instituted a proceeding by rule against Mrs. Dorestan Benoit, surety on the forthcoming bond, under which she was ordered to show cause why she should not be condemned to pay and satisfy the amount of the judgment; it having been averred in the petition for the rule that unavailing demand had been made to return the property bonded by her principal or to pay the judgment rendered against him. Mrs. Dorestan Benoit made no appearance in this proceeding and the rule was made absolute, she being condemned to pay the amount of the judgment against Eraste Benoit, as well as the costs of the clerk of court, amounting to $72.75, and those of the sheriff, amounting to $17.24. She allowed the time for taking a suspensive appeal to expire, and Colligan then caused a writ of fieri facias to issue against her under which certain property belonging to her was seized and advertised for sale by the sheriff. She thereupon instituted an injunction suit and the court granted her a temporary restraining order upon her furnishing bond in the sum of $750. On a trial of the injunction suit, judgment was rendered against Mrs. Benoit dissolving the temporary restraining order and condemning her and her surety to pay damages in the sum of $65. From this judgment she took a suspensive appeal to this court, and after due hearing, that judgment was affirmed. See Benoit v. Colligan, 17 La. App. 597, 135 So. 616. An application was duly made for a rehearing, but the same was refused.

*Rehearing denied June 8, 1932.

On August 27, 1931, almost twelve months after Mrs. Dorestan Benoit had been condemned in the rule taken against her on the forthcoming bond which she had signed as surety, she obtained an order for a devolutive appeal to this court, and this is the matter that is presently before us for consideration.

The proceedings under which she was condemned to pay the judgment against Eraste Benoit are attacked on four different grounds: (1) That the attorneys who represented her therein were sureties on a suspensive appeal bond of Eraste Benoit from the very judgment which she was condemned to pay, and therefore had an adverse interest to hers. The intimation seems to us to be that they purposely made no appearance on her behalf and therefore she has not had her day in court. (2) That there was no sufficient evidence to justify the judgment taken against her. (3) That it is not shown that demand had been made upon Eraste Benoit, principal on the bond, to procure the cotton that had been seized, or its value. And (4) that there is no law which warrants a proceeding by rule under the circumstances here presented.

We do not find anything in the record on which to base the least suspicion that Mrs. Benoit made no appearance in the proceedings which are being attacked, because her attorneys had an interest in seeing that some one else than they be made to satisfy the judgment against Eraste Benoit. As far as the record discloses, they were not her attorneys at the time this proceeding was filed against her, and one of them became her attorney of record only when she brought the suit for injunction to arrest the seizure and sale of her property under the judgment rendered on the rule. We do not find any merit in the contention made on this point.

The second and third grounds of attack are equally as without merit as the first. The judgment of the district court specifically mentions the fact that due proof was made that a writ of fieri facias which had been issued against Eraste Benoit had been returned "nulla bona" and that he had "failed to comply with the demand upon him to return the property provisionally seized." The judgment further shows, by its own terms, that it is rendered on "the law and the evidence" which was found to be in favor of the plaintiff; all of which strengthens the usual presumption that the judgment of the trial court is based on satisfactory proof.

■ We take up, then, the fourth ground urged against the judgment on the rule, based on the irregularity of the proceeding on which it was rendered. This ground presents the most serious and important issue in the case, as there is no doubt great merit in the contention that a surety on a forthcoming bond given to obtain the release of property under provisional seizure cannot be proceeded against by rule or on motion. It is well settled that summary proceedings may only be resorted to in those cases where the demand made therein is incidental to the main demand contained in a suit that is pending between the parties, or where the remedy is specially authorized by law. In an attachment, for instance, the plaintiff may obtain a judgment against the surety on a forthcoming obligation, on motion that can be tried summarily, because he is specially authorized to do so by article 259 of the Code of Practice. But in a sequestration, it has been held that he cannot. Baker v. Doane et al., 3 La. Ann. 434; Sharp v. Bright et al., 14 La. Ann. 390. For the purpose of considering the question here involved, it is impossible for us to make any distinction between cases of sequestration and those of provisional seizure.

■ The appellant therefore might have been entitled to obtain the nullity of the judgment complained of, were she not faced with the plea of estoppel that is urged against her. It seems to us, however, that in that plea she meets an obstacle that she cannot surmount. Had she sat by silently, as she started out to do when she failed to appear in answer to the rule brought against her, she would not have forfeited any of her rights, as it is specifically held in the case of Sharp v. Bright et al., supra, that mere failure on the part of the surety to appear and answer the rule cannot be construed as a waiver of his right to except to the form of the proceeding. The court held further, however, that had he joined issue on the merits of the rule and proceeded to trial without insisting on his objection to the summary character of the proceeding, he would be held to have waived his right to except. Here, the appellant who is the surety did not join issue on the merits of the rule in the proceeding itself, but she did more than that by filing this injunction suit, in which, without questioning the form of the proceeding, she prays only that the judgment be reduced to not more than $250, because, as she alleged, "a major portion of the cotton seized was entirely released from the seizure" and she "is therefore not responsible for more than one-third of the cotton on which the sequestration was maintained." The allegations of her petition with her prayer constitute an acquiescence in the form of the proceeding instituted against her and under which her property was being seized that is stronger, in our opinion, than could have appeared from any answer she may have made to the merits of the rule itself, and she is now debarred from complaining about the summary character of the proceeding.

■ In addition to what has been said, the record shows that this same appellant, in her application for a rehearing before this court in the injunction suit, raised the same issue to the form of the proceeding by rule which

she now presents and her application was denied and a rehearing refused. If she remained dissatisfied with the ruling of the court, her remedy was to apply to the Supreme Court of the state for a writ of certiorari and endeavor to have that court review our judgment. This she did not attempt to do, but waited until the time had nearly expired and took this devolutive appeal, the effect of which would give her another hearing before this court and permit her to do indirectly what she could not have done directly.

We are of the opinion that the appellant is debarred from further prosecuting this appeal and that plaintiff and appellee's plea of estoppel should be maintained.

It is therefore ordered that the plea of estoppel herein filed be, and the same is hereby, maintained, and that this appeal be dismissed at the appellant's costs.