J. M. Savage  *v.*  J. T. Jeter.

The first section of the Act of the Legislature of 1855, relative to forced surrenders and the mode of
making the same, makes it the duty of the Judge to decide upon the sufficiency of the cause for
compelling the surrender, and the proceeding is, therefore, a summary one, to be tried without the
intervention of a jury.

When the Deputy Sheriff, who made the return, did not make the demand, but the evidence shows the
demand was actually made by another deputy, the demand is adequately proved.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
*McCay & Edwards,* for plaintiff.  *A. T. Steele,* for defendant and appellant.

Cole, J.   The plaintiff, having obtained a judgment against defendant, caused
a *fi. fa.* to issue, and the Sheriff made the following return :

" Received 26th February, 1856, no property found after due demand made of
both parties, returned 21st April, 1856.

J. P. Walden, Dy. Shff."

Plaintiff then presented his petition, accompanied with the necessary affidavit,
and obtained an order from the court upon the defendant to show cause, within
ten days, why he should not pay the amount of the judgment, or make a surrender
under the Act of the Legislature of 1855, Session Acts, p. 318.

The defendant, in his answer, alleged that the allegations in the petition for a
forced surrender are false ; that no proper demand was made from him of the
amount of the judgment rendered against him, and prayed for a trial by jury.
On motion of plaintiff, the prayer for the trial by jury was erased from the an-
swer, and defendant filed his bill of exceptions.

Two questions only arise in this case :

1.   Was the defendant entitled to a trial by jury ?

2.   Was a proper demand made of the parties to the original suit by the Sheriff
to point out property, to satisfy the judgment therein ?

1.   The first section of the Act of 1855, relative to forced surrenders and the
mode of making the same, Session Acts, page 318, is as follows :

" Be it enacted, etc.   That any judgment creditor who shall have issued exe-
cution, which has been returned ' no property found,' after due demand, shall have
the right to compel his debtor to make a surrender of his property, by proceeding
in the following manner :   The creditor shall present his petition to the court, or
judge at chambers, having jurisdiction of the debtor's domicil, and shall allege,
that he is a judgment creditor of the debtor, and for what amount ; that execu-
tion has issued and been returned ' no property found,' after due demand ; that he
has reason to believe that the debtor has property, or assets, which may be made
available to his creditors ; and shall conclude with a prayer that the debtor be
ordered to surrender his property to his creditors.   All of which shall be verified
by the oath of the petitioning creditor or his attorney.   The judge shall, there-
upon, order that the debtor show cause, within ten days from the service of the
notice upon him, why he should not pay the debt of the complaining creditor, or
make a surrender of his property to his creditors.   Should no good cause be
shown, and the debt remain unpaid, the judge shall order the debtor to make a
surrender of his property to his creditors, within a time to be fixed by him."

We are of opinion that this section shows, upon its face, that the judge was to
decide upon the sufficiency of the cause why a surrender should not be ordered.

Defendant argues that summary process can be used only where it is expressly allowed by law, and that this Act does not declare that the cause must be tried summarily. It is not essential that an Act should declare this in so many words, if it is clear, from a plain interpretation of the Act, that the intention of the legislature was to make the proceeding summary.

2. The evidence establishes that a proper demand was made of the parties to point out property. It appears that the demand was not made by *Walden*, the deputy sheriff, who signed the return; but it is admitted that the demand was made by *Mr. Gros*, and that the return on the writ was made by *J. P. Walden*, and it is proved that *Gros* was a deputy sheriff at the time of making the demand of plaintiff and defendant to point out property to satisfy the *fi. fa.* We think that the object of requiring the Sheriff to sign the return, is to furnish evidence of the demand, and when the evidence establishes that the demand was made, and the return signed by a different deputy; the demand is then adequately proved.

We would remark that defendant took a devolutive appeal from the original judgment on the note, but no bond was filed.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.