(58 South. 582.)

No. 19,330.

BOOS v. McCLENDON.

In re McCLENDON.

(May 6, 1912.)

*(Syllabus by Editorial Staff.)*

1. ELECTIONS (§ 154*)—PRIMARY ELECTIONS—CONTESTS—EXCEPTIONS—REVIEW.

Exceptions to an order in a primary election contest to show cause why the action of the political committee proclaiming the result should not be set aside, based on the grounds that the order should have been directed to the committee itself and not to its chairman, and that by impleading the chairman of the committee instead of the committee there was a misjoinder of a party without interest, and the nonjoinder of a party in interest, and that no cause of action was stated, are reviewable by appeal.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

2. ELECTIONS (§ 154*)—PRIMARY ELECTIONS—CONTESTS—RIGHTS OF PARTIES.

Act No. 100 of 1908, § 25, giving any candidate aggrieved at the declared result of a primary election the right to protest by presenting a petition to the proper committee, and giving any candidate aggrieved by the decision of the committee the right to have the same reviewed by a court, authorizes a summary review at the suit of a party aggrieved by the decision of the committee, and he is not restricted to ordinary process.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

3. STATUTES (§ 243*)—CONSTRUCTION.

Statutes relating to remedies and procedure must be liberally construed with a view to the effective administration of justice.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 324; Dec. Dig. § 243.*]

4. STATUTES (§ 185*)—CONSTRUCTION.

Where a power is conferred by a statute, everything necessary to carry out the power and to make it effectual and complete is implied.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 17, 27, 264; Dec. Dig. § 185.*]

Proceedings by George E. Boos to contest the nomination of H. P. McClendon for the office of member of the Legislature. There was an order directing H. P. McClendon, and F. H. Drake, the chairman of the committee, to show cause why the action of the committee should not be set aside, and H. P. McClendon applies for writs of certiorari, mandamus, and prohibition. Dismissed.

B. B. Purser, for relator. Ponder & Bankston, for respondent.

PROVOSTY, J. The relator, H. P. McClendon, was a candidate at the recent Democratic primary election for the office of member of the Legislature, and was declared elected by the Democratic parish committee, the body charged by law with the function of receiving and canvassing the returns and proclaiming the result. George E. Boos, his opponent, contested the election before the

committee, and filed a protest setting forth the grounds of contest; and, the committee having overruled the protest, he obtained from the court an order directing his opponent, H. P. McClendon, and F. H. Drake, the chairman of the said Democratic committee —who, he alleged, had power to represent said committee as its chairman—to show cause within three days why the action of the committee should not be set aside and he declared the nominee, for the reasons set forth in his protest before the committee.

The parties thus impleaded interposed various exceptions. Some of these were overruled, and some were referred to the merits. Whereupon the relator, McClendon, filed in this court the present application for a review of the said action of the trial court.

[1] One of the exceptions was that the order of the court should have been directed to the committee itself, and not to its chairman.

Another was that by impleading the chairman of the committee, instead of the committee itself, there was misjoinder of a party without interest, and nonjoinder of a party in interest who should have been joined.

Another exception was that of no cause of action.

The proper mode of obtaining a review of the ruling on these exceptions is by appeal.

[2] Another exception was that the suit should have been in the ordinary form instead of in the summary.

The statute (section 25 of Act 100, p. 154. of 1908) provides as follows:

"That within five days after the promulgation of the returns, if any candidate should feel aggrieved at the result, he shall have a right to protest against the result as set forth in the promulgation, as hereinbefore provided for, by presenting a petition to the respective committee ordering said primary, by filing with the chairman of the said committee a written protest setting forth clearly and distinctly his grounds of protest. That on the fifteenth day after the day of the holding of said primary election, at 12 o'clock noon, the respective committee ordering said primary shall reconvene at the same place as it met when it ordered the said primary, and shall proceed to immediately hear and determine said protest. That in hearing and determining the said protest the said committee shall have the right to summons and compel the attendance of witnesses, administer oaths, hear evidence, or order the production of documents and papers, and any and all things that it may deem necessary to honestly arrive at a correct determination of said contest or protest: *Provided, however, that any candidate feeling aggrieved by the decision of the committee shall have the right to have same reviewed by a court of competent jurisdiction.*"

The part of said statute printed in italics is an amendment of, and a substitution for, the following, contained in section 25 of Act 49, p. 66, of 1906, providing for and regulating primary elections, to wit:

"Provided, however, that any candidate feeling aggrieved by the decision of the committee shall have the right to have same reviewed by a court of competent jurisdiction, and provided further, that he shall, within twenty-four hours after the decision of the committee, apply to said court, which shall issue a rule requiring the person declared by the committee to be the nominee of the party to show cause, within forty-eight hours, why the action of the committee should not be reversed and set aside and the relief asked for granted, which rule shall be tried and decided, and judgment thereon signed, either in open court or at chambers, within three days thereafter. An appeal from such decision may be granted on simple motion without citation, and shall be heard on the original record and testimony and finally decided within five days from the rendition of the judgment of the court of first instance; and should said case not be so finally decided on appeal within said delay, then the decision of said committee shall be final and effective."

The contention of relator is that, in the absence of any law providing for summary process, proceedings before courts of justice must be governed by the rules of ordinary procedure; and that the repeal of the above transcribed section 25 of Act 49 of 1906, which provided for summary process in cases like the present, is tantamount to an expression of intention on the part of the Legislature that the matter should be left to be governed by the rules of ordinary procedure.

This argument, whatever force there may be in it, must yield to the common sense view

taken by the learned trial judge, that in granting this right of review the Legislature must be assumed to have intended to grant it in the form in which it could be effective—not in a form in which it could be of no value whatever, and that it would be of no value if restricted to ordinary process, since the adverse party, by simply invoking the legal delays of ordinary process, could stave off the decision of the case until after the election at which the contestant desired to be a candidate had taken place.

[3] The rule is that:

"Statutes relating to remedies and procedure are to be construed liberally and with a view to the effective administration of justice." 36 Cyc. 1188.

[4] Also, that:

"Whenever a power is conferred by a statute, everything necessary to carry out the power and to make it effectual and complete will be implied." 26 A. & E. E. 614.

There was no error in the judgment complained of, and therefore the rule nisi is recalled, and the application of the relator is dismissed, at his cost.