On Application for Rehearing.
 

 PER CURIAM.
 

 Defendant resisted the State’s action to recover severance taxes on oil produced and purchased by it, first, on technical grounds, i. e., that the State was without authority to proceed under Act No. 14 of the Second Extra Session of 1935 for the several reasons enumerated in the main opinion; and, second, on the merits, on the ground that the State tax collecting authorities having accepted payment of the taxes for a number of years in accordance with what it termed the usage and custom of the oil industry in the purchasing and selling of oil, the doctrine of contemporaneous construction applies and the State is estopped from claiming the taxes sued for; that, in any event, it is not liable for any tax on oil purchased by it; and finally, that the prescription of 3 years has run. From an adverse judgment defendant appealed to this court.
 

 On November 2, 1937, we handed down our opinion affirming the judgment óf the lower court, and on the same date, counsel for defendant appeared and stated in open court that they anticipated that such would be our decision and then asked leave of the court to file a document which.they had previously prepared. The allegations contained' in the document are substantially that the provisions of section 3 of Act No. 14 of the Second Extra Session are inconsistent and in conflict with and, therefore, supersede the provisions of article 911 of the Code of Practice, as amended by Act No. 223 of 1908, under which it would be appellant’s statutory right to apply for a rehearing and to have this court review its opinion and decree and to grant a rehearing if it concluded the application to be meritorious; that unless this court declares Act No. 14 of the Second Extra Session of 1935 to be unconstitutional, it will be deprived of the right to apply for a rehearing in this
 
 *1053
 
 case; but, if we declare the act to be constitutional, that the statute is ambiguous in that it does not provide the time within which such application may be filed nor the effect of the filing of such application; that it is its intention to apply to the Supreme Court of the United States for an appeal or for a writ of certiorari or both, and as a matter of precaution, because of the uncertainty as to the rights of defendant with respect to the filing of an application for rehearing and of obtaining a reconsideration by this Court of its opinion and decree, and also as to the date on which the judgment and decree would become final and execu-tory, the defendant, by the same instrument, filed its notice of intention to apply to the Supreme Court of the United States for an appeal or for a writ of certiorari, or both.
 

 On the same date, this court, through its clerk, advised the defendant that it would be given an opportunity to apply for a rehearing in this case in conformity to the law governing applications for a rehearing.
 
 Six days thereafter,
 
 the defendant filed its application for a rehearing.
 

 Defendant in its application for a rehearing assailed our opinion and decree with respect to every issue raised by it in the lower court, and, in addition, stated that the only effect that can be given to our ruling allowing it (defendant) to file an application for a rehearing within 15 days and that this court would consider such an application, is that the court has concluded that its original opinion is erroneous and that Act No. 14 of the Second Extra Session is unconstitutional, and consequently, the whole proceeding must fall.
 

 Of course, this is a mere conclusion of the pleader which can find no support unless it be by a forced and strained construction of the statute and in violation of the well-established principles of law that “repeals by implication are not favored and will not be indulged if there is any other reasonable construction; * * * ” Ruling Case Law, vol. 25, § 169 (see, also, Johnson v. Browne, 205 U.S. 309, 321, 27 S.Ct. 539, 51 L.Ed. 816, 10 Ann.Cas. 636; Osborn v. Nicholson, 13 Wall. 654, 662, 20 L.Ed. 689; Succession of Hebert, 5 La.Ann. 121; State v. Brown, 48 La.Ann. 1569, 21 So. 143; Wachsen v. Commission Council of Lake Charles, 162 La. 823, 111 So. 177); that prior laws are repealed by subsequent laws only in case of positive enactment or clear repugnancy (Johnson v. Pilster, 4 Rob. 71); that nothing short of irreconcilable conflict between two statutes works a repeal by implication (Bank of Lecompte v. Lecompte Cotton Oil Co., 125 La. 844, 51 So. 1010; City of New Orleans v. New Orleans Jockey Club, 129 La. 64, 55 So. 711; State ex rel. Hyams’ Heirs v. Grace, 173 La. 215, 136 So. 569); that where a statute is ambiguous and susceptible of two constructions, the courts will give that construction which best comports with the principles of reason, justice, and convenience, for it is to be presumed that the Legislature intended such exceptions-to its language as would avoid its leading to injustice, oppression, or absurd consequences (Encyc. of U.S.S.S.Ct.Rep.Statutes, vol. 11, pp. 151, 152, and cases therein cited; see, also, Corpus Juris, vol. 59, § 171; Ruling Case Law, vol. 25, § 242;
 
 *1055
 
 Greek-American Produce Co. v. Illinois Cent. Ry. Co., 4 Ala.App. 377, 58 So. 994); and that statutes relating to remedies and procedure are to be construed liberally with .a view to the effective administration of justice (36 Cyc. 1188; Boos v. McClendon, 130 La. 813. 58 So. 582).
 

 The purpose of allowing applications for rehearing is to afford to the litigants whose rights and interests are affected by judgments of courts an opportunity to have such decrees corrected by the court Tendering them, if erroneous.
 

 Section 3 of Act No. 14 of the Second Extra Session of 1935 does not expressly repeal the rights granted a litigant under the provisions of article 911, as amended by Act No. 223 of 1908, to apply for rehearing prior to the fifteenth calendar day of the rendition of a judgment by this court. A careful study of the section shows that its provisions are not irreconcilable, nor in anywise repugnant to article 911 of the Code of Practice, as amended. The language contained in the section providing that judgments shall become execu-tory on the fifth calendar day and “no new trial, rehearing or devolutive appeal shall be allowed,” in our opinion applies to judgments of lower courts and not to those of appellate courts.
 

 We do not find it necessary to discuss or analyze defendant’s application for rehearing on the issues which were disposed of’ in our opinion and decree of November 2, 1937, because it presents nothing that was not passed upon; nor any sound reason why we should change our decree.
 

 But it is contended by counsel for defendant that, as they read and analyze our opinion, we have construed Act No. 140 of 1922 and Act No. 24 of the Second Extra Session of 1935 as levying a tax on the product itself and not as a privilege or excise tax as had been previously decided by this court and is, therefore, unconstitutional. That issue was neither raised in the court of first instance nor on appeal. Moreover, we are cognizant of the ruling in the case of Gulf Refining Company of Louisiana v. W. N. McFarland, Supervisor of Public Accounts, 154 La. 251, 97 So. 433; Id., 264 U.S. 573, 44 S.Ct. 402, 68 L.Ed. 856, which holds that the severance tax law óf this State is not a property tax but an excise tax upon the privilege of severing resources of this State. The expressions in our opinion, seized upon by defendant’s counsel, were simply for the purpose of interpreting and construing the statute involved and not intended to conflict with the above holding.
 

 In order to avoid confusion or a misunderstanding of the facts which may arise from a reading of the application for' a rehearing and brief in support thereof, as well as from the dissenting opinion, with reference to our opinion touching upon the rule of contemporaneous construction invoked by the defendant in the matter, aft-, er again having carefully reviewed the record, we restate here our findings of fact and conclusion thereon, to wit: “ * * * the record shows
 
 conclusively
 
 that the State’s officials who were in charge of enforcing the collection of the tax had no knowledge of the fact that the defendant
 
 *1057
 
 was making a deduction of 2 per cent, from the gross production in computing the tax thereon. The tax returns and reports filed by the defendant did not show this deduction, and it. was not until its books were audited by the State’s officials that that fact was discovered. Consequently, the rule of contemporaneous construction invoked by the defendant can have no application. The contention of the defendant that the State and its officials in charge of the collection of the tax
 
 had knowledge of the usage and custom on the purchase and sale of oil in the oil industry
 
 that such a deduction (2 per cent.) was made on account of the loss in transportation of the oil from the point of severance to its destination (the refinery) can have no application in the computation of severance taxes, especially in the face of the provisions of the severance tax laws which fixed the tax on the gross production at the place of severance.”
 

 Rehearing refused.
 

 O’NIELL, C. J., adheres to his dissenting opinion.
 

 ODOM, J., adheres to his dissent