SAVOY, Judge.
The question of law presented on this appeal is whether summary procedure may be used by the plaintiff in obtaining a mandatory injunction through a rule nisi to require the penning of cattle for brucel-losis testing.
Plaintiff instituted suit for a mandatory injunction to enforce the provisions of LSA-R.S. 3:2221 and requiring the defendant to restrain his cattle for identification and brucellosis testing. The prayer of plaintiff’s petition was (1) for issuance of a rule nisi requiring the defendant to show cause why a mandatory injunction should not issue ordering him to confine his cattle for brucellosis testing and identifying; and, (2) that upon the trial of the case the rule be made absolute, and a mandatory injunction issue.
Defendant filed a dilatory exception pleading the unauthorized use of summary process, contending that the provisions of LSA-R.S. 3:2221 and Article 3601 of the Louisiana Code of Civil Procedure do not authorize the use of summary process in the instant case.
The trial judge, after hearing the exception, sustained the exception, vacated the rule to show cause, and dismissed the suit without prejudice. From this ruling plaintiff appealed devolutively contending that the trial judge erred in sustaining the exception.
Counsel for plaintiff, in urging reversal of the trial court’s ruling, argues that in view of Article 2592 of the Louisiana Civil Code of Procedure and the comments in the section dealing with summary process, the Legislature intended for summary process to be used in control of the disease known as brucellosis. Further reliance is placed upon the cases of Savage v. Jeter, 13 La.Ann. 239, and Boos v. McClendon, 130 La. 813, 58 So. 582.
On the other hand, defendant relies upon the case of Gamburg v. City of Alexandria, 85 So.2d 276 (La.App. 2 Cir. 1956) as standing for the proposition that a mandatory injunction will not lie in a summary proceeding, and that it will only issue ancillary to a prohibitory injunction. Additional support is placed upon the fact that the statute nowhere expressly authorizes summary process in enforcing its provisions.
Article 2592 of the Louisiana Code of Civil Procedure regulates the use of summary proceedings. As amended in 1964 it provides for eight instances in which summary process may be used. Number eight under the article provides for: “All other matters in which the law permits summary proceedings to be used.” Prior to the 1964 amendment this eighth provision had been the seventh provision of the article. For insight into the meaning to be attributed to this last provision of Article 2592, we quote from a comment by the late Henry G. McMahon on the procedural changes in Book 5, Title 1, Summary and Executory Proceedings, as follows:
“1. A conflict in the prior jurisprudence is resolved by Art. 2592(7), which has eliminated the former requirement that the use of summary process be expressly authorized by law. Under this article, summary process may be used in every case where there is a clear legislative intent to permit its use, whether the language is express or not. See Comment (b) under Art. 2592.”
Under Comment (b) under Article 2592 of the Louisiana Code of Civil Procedure we find the following:
“(b) Art. 754 of the 1870' Code of Practice, which provides that summary process is to be used in every case where it *601 is expressly prescribed by law constitutes an exception to the enumerated summary proceedings of Art. 755. ,
“In the above article, the same effect is achieved by limiting summary proceedings to those enumerated therein, including ‘all other matters in which the law permits summary proceedings to be used.’ There is one difference, however, in that the above article does not mention the word ‘expressly’ as does Art. 754 of the 1870 Code. This omission was deliberate. In some cases the enforcement of statutory provisions has been sought through summary procedure, when the statute did not expressly permit the use thereof, although the circumstances were such that obviously the delays required in ordinary proceedings would make the remedy a very hollow one. In most instances summary procedure has been permitted, even though not expressly so provided by the statute, if it was apparent that the legislature intended to permit summary enforcement. * * *
“The omission of the word ‘expressly’ in paragraph (7) of this article permits the court in each instance to give effect to the legislative intent where necessary.”
LSA-R.S. 3:2221 deals with the establishment of brucellosis eradication procedures and insofar as pertinent provides:
“A. Any person owing or having charge of any male or female cattle over eight months of age in a herd which has shown evidence of brucellosis infection, or has intermingled with or otherwise been exposed to brucellosis infected animals, upon at least thirty days prior written notification by an authorized agent of the Livestock Sanitary Board shall present and restrain the cattle for identification and testing, * * *.
“B. Evidence of infection includes finding one or more reactors to an official brucellosis agglutination test on animals bred on the farm, at livestock auction market, at a slaughter establishment or concentration point, or upon official report of a positive brucellosis milk ring test of .a dairy herd.”
In the Gamburg case, supra, relied upon by defendant, plaintiff brought suit to obtain injunctive relief from an alleged illegal abandonment and obstruction of a street, to compel the removal of a concrete curb and to prohibit additional costs from being assessed against their property by paving which went further than the property owners agreed to be bound. The court granted the mandatory injunction saying a hearing on the merits had been had. The court stated in effect that a mandatory injunction should not issue save after a hearing on the merits of the case or in aid of the enforcement of a prohibitory injunction which has already been allowed, citing the cases of Board of Commissioners of Petite Ansc Drainage Dist. v. Iberia & Vermilion R. Co., 117 La. 940, 42 So. 433; Broussard v. Cormier, 154 La. 877, 98 So. 403; and, Harris v. Pierce, 73 So.2d 330 (La.App.Orl.1954).
We feel that the mandatory injunction should have been tried by summary process as to hold otherwise would cause LSA-R.S. 3 -.2221 to become useless for all practical purposes in controlling the spreading of brucellosis. Although the use of summary process is not expressly authorized by the statute, we feel the legislature in creating the statute necessarily implied the use of summary process in enforcing compliance. As the court in Savage v. Jeter, supra, said: “It is not essential that an Act should declare this in so many words, if it is clear, from a plain interpretation of the Act, that the intention of the legislature was to make the proceeding summary.” And as stated by the court in Boos v. McClendon, supra, “Whenever a power is conferred by a statute, everything necessary to carry out the power and to make it effectual and complete will be implied.”
The result we have reached is in full accord with Article 5051 of the Code of Civil Procedure which states: “The articles *602 of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.” The underlying theme of the summary proceeding is rapidity and this is what is needed in controlling brucellosis.
For the reasons assigned the judgment appealed from is reversed at defendant’s costs.
Reversed.