GUIDRY, Judge
(dissenting).
On November 26, 1973 the plaintiff, Louisiana Livestock Sanitary Board, filed this action seeking an order requiring defendant, Arlington Manuel, to restrain and present his cattle for 'brucellosis testing, under the provisions of R.S. 3:2221, subd. A., which reads as follows:
“Any person owning or having charge of any male or female cattle over eight months of age in a herd which has shown evidence of brucellosis infection, or has intermingled with or otherwise been exposed to brucellosis infected animals, upon at least thirty days prior written notification by an authorized agent of the Livestock Sanitary Board shall present and restrain the cattle for identification and testing, and such infected herds shall be retested until these herds have become classified brucellosis negative as defined in Regulation 17 of the Livestock Sanitary Board. Cattle in open range country shall be worked at a time to correspond to the normal procedure for handling such cattle.”
The defendant answered the plaintiff’s suit denying the allegations thereof and in addition filed a reconventional demand asking for damages as a result of an alleged absolute quarantine imposed by the plaintiff on defendant’s animals and their movements,, and for a declaratory judgment decreeing R.S. 3:2221 and R.S. 3:2223 unconstitutional.
The trial, of this matter, which commenced on November 3, 197S, had been delayed pending a final decision by the Louisiana Supreme Court in the case of Johnson v. Pearce, 313 So.2d 812 (La., 1975). In Johnson, supra, the issues raised were similar, if not identical, with those set out in the defendant’s reconventional demand. The Supreme Court in Johnson, supra, upheld the constitutionality of the cited statutes and held further that the Commissioner’s attempt to enforce R.S. 3:2221 and R.S. 3:2223 would not entitle the cattle owner to damages for malicious prosecution. The record in this matter indicates that as a result of the Johnson decision the defendant abandoned his reconventional demand.
The plaintiff herein, as aforestated seeks an order requiring defendant tO' restrain and present his cattle for brucellosis testing. The order sought is in the nature of a mandatory injunction. The plaintiff’s petition is not clear as to whether a preliminary or a permanent injunction is sought, although plaintiff does make use of summary procedure and prays that the hearing be on verified pleadings and supporting affidavits. The use of summary procedure is not specifically provided for in R.S. 3:2221 but such action was sanctioned by this court in Pearce v. Gunter, 221 So.2d 599 (La.App. 3rd Cir. 1969); 254 La. 469, 223 So.2d 872; appeal after remand, 238 So.2d 534; writ not considered, 256 La. 888, 239 So.2d 543. It should be noted at this point that upon the filing of plaintiff’s petition the trial court ordered that a rule nisi issue, such order further providing that on the trial of said rule evi *352 dence might be adduced by verified pleadings, affidavits, depositions, or by oral testimony, as in ordinary cases, or by any or all of such methods at the option of the party offering the proof. This order is dated November 26, 1973. At the trial of this case the plaintiff attempted to present sworn affidavits in support of its application for a mandatory injunction requiring defendant to restrain, and present his cattle for brucellosis testing. The plaintiff at that time argued these introductions were admissable proof under Code of Civil Procedure Article 3609, the court having so ordered, a copy of such order having been served upon the defendant at the time the notice of hearing was sent and a copy of the affidavits having been timely delivered to the defendant.
At the hearing the defendant objected to the plaintiff’s offering. The trial court sustained the defendant’s objection and disallowed the introduction of plaintiff’s supporting affidavits. Presumably, the trial court held that the plaintiff’s action under R.S. 3:2221 was one for a permanent injunction, requiring full proof of the claim, and accordingly declared the plaintiff’s supporting affidavits inadmissable evidence. As a consequence of this action the trial court dismissed the plaintiff’s demand for lack of evidence but allowed the affidavits in the record under a proffer of proof. My brethren of the majority affirm the trial court judgment. I respectfully disagree in that I determine that the mandatory injunction sought by plaintiff herein is a preliminary injunction and the proof offered by plaintiff was sufficient and admis-sable under the provisions of C.C.P. 3609.
In speaking to the difference between the preliminary injunction and the permanent injunction this court in Gulf Toy House, Inc. v. Bertrand, 306 So.2d 361, 364 (La.App. 3rd Cir. 1975) stated:
“A preliminary injunction is a procedural device which is interlocutory in nature. Its purpose is to preserve a status pending final determination of an action. Unlike the permanent injunction, the preliminary injunction may be issued pursuant to a summary proceeding and may be based upon verified pleadings or affidavits, as well as upon ordinary proof, which present a prima facie case that irreparable injury may otherwise result. La.C.Civ.P. arts. 3601, 3602, 3609, Schwegmann Bros., G.S. Mkts. v. Louisiana Milk Com’n., 290 So.2d 312 (La. 1974). Employers Overload Co. v. Employers Overload Co., N.O., 266 So.2d 546 (La.App. 4th Cir. 1972). Cloud v. Dyess, 172 So.2d 528 (La.App. 3rd Cir. 1965).”
La.R.S. 3:2221 in pertinent part provides that under certain conditions owners of cattle, upon written notification by an authorized agent of the Livestock Sanitary Board, must present and restrain their cattle for identification and testing for brucel-losis. It sets forth a test for the evidence of infection and for retesting herds until said herds have become brucellosis negative as defined in Regulation 17 of the Livestock Sanitary Board.
La.R.S. 3:2223 and 3:2227 state a policy of eradication of brucellosis, provide for slaughter of the cattle so infected, and further institute a program to prevent reinfection of livestock with brucellosis, delegating to the Sanitary Board the authority to promulgate necessary rules and regulations to effectuate these purposes.
The state, in enacting this legislation, has determined that brucellosis should be controlled and eradicated. Upon an examination of the cited statutes, mindful of their intent and purposes, it becomes obvious that the provision under which the Sanitary Board in the instant matter has prayed for an injunction, directing defendant to pen and restrain his cattle for testing, is a first step, directed only at determining if the defendant’s cattle do in fact have brucellosis. Upon the issuance of such an injunction the status quo is preserved pending determination as to the necessity *353 for the Sanitary Board to take other and more permanent measures for the eradication of brucellosis, i. e., slaughter of the animals infected, or imposition of an absolute quarantine to prevent the infection of other livestock.
As aforestated we previously held in Pearce v. Gunter, supra, that relief under R.S. 3:2221 can be sought by way of summary procedure.
The irreparable injury which might otherwise result if plaintiff be denied the injunction which it seeks is apparent, i. e., the spread of brucellosis.
Clearly then the injunction sought herein, directing defendant to pen and restrain his cattle for brucellosis testing, is in the nature of a preliminary injunction for it meets all the tests of a preliminary injunction: (a) preservation of the status quo; (b) it is tried summarily; and, (c) its issuance will prevent irreparable injury which might otherwise result.
Having concluded that the injunction sought herein is a preliminary injunction as opposed to a permanent injunction I next determine if the affidavits, submitted by the plaintiff under a proffer of proof, are admissable and if so, do the affidavits constitute sufficient proof to establish the plaintiff’s right to the injunction.
Louisiana Code of Civil Procedure Article 3609 provides:
“The court may hear an application for a preliminary injunction or for the dissolution or modification of a temporary restraining order or a preliminary injunction upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases. If the application is to be heard upon affidavits, the court shall so order in writing, and a copy of the order shall be served upon the defendant at the time the notice of hearing is served.
At least twenty-four hours before the hearing, or such shorter time as the court may order, the applicant shall deliver copies of his supporting affidavits to the adverse party, who shall deliver to the applicant prior to the hearing copies of affidavits intended to be used by such adverse party. The court, in its discretion, and upon such conditions as it may prescribe, may permit additional affidavits to be filed at or after the hearing, and may further regulate the proceeding as justice may require.”
The record in this matter discloses that the court order, in writing and served upon defendant at the time the notice of hearing was served, allowed for the adduction of evidence by verified pleadings and supporting affidavits. The trial court having so ordered I am of the opinion that the affidavits, copies of which were timely delivered to the defendant, were admissable evidence under Article 3609 of the Code of Civil Procedure.
As to the sufficiency of the evidence, plaintiff’s witness, Edwin Tate, manager of Joe Tate’s Commission 'barn testified that the defendant, Arlington Manuel, brought his cattle to the Tate barn where they were tagged for auction. A receipt, issued by the Tate barn and admitted into evidence, showed that the defendant had consigned six (6) cattle to the Tate barn, said cattle bearing tag identification numbers 72TV93S2 through 72TV9357. The sworn affidavits of Norbert Morgan, Dr. James Turnage, and Charles Robinson set forth the following facts. Norbert Morgan, a receiving clerk at Pioneer Beef, Inc. stated that he received two cows from the Tate Commission Barn, bearing tagged identification numbers 72TV9352 and 72-TV9356. Dr. James Turnage, a United States Department of Agriculture Veterinarian in charge at Pioneer Beef Company, performed an ante mortem on the tagged cattle, blood samples were collected, and the tags from the slaughtered cattle were placed *354 around the respective blood sample tubes. Dr. Turnage mailed these tagged samples, bearing the numbers 72TV93S2 and 72TV-9356 to the Veterinary Diagnostic Laboratory, Jackson, Mississippi. Charles Robinson, a supervisory medical biological technician at the Veterinary Diagnostic Laboratory stated that upon receipt of the blood samples one of his subordinates filled out Form ANH 4-54, a Brucellosis Testing Record. The blood samples received, bearing tag numbers 72TV9352 and 72TV9356 were then analyzed and the cows were determined to be reactors, having had a positive reaction to the brucellosis test. These results were entered on the record Form ANH 4-54, which is attached to the affidavit. A second test on these samples was run by Robinson and again found to be positive. R.S. 3 ¡2221(B) provides that “evidence of infection includes finding one or more reactors to an official brucellosis agglutination test on animals ... at livestock auction market, at a slaughter establishment or concentration point
Considering the testimony of Edwin Tate, the accompanying receipt from the Tate Commission Barn issued to the defendant, Arlington Manuel, and the facts as set forth in the three affidavits with attachments, I find that the evidence presented by the plaintiff was sufficient to establish a prima facie case for issuance of the injunction under R.S. 3:2221, subd. A. Accordingly, I would reverse the trial court judgment which dismissed the plaintiff’s action, and render judgment in favor of the plaintiff ordering that the injunction prayed for issue, conditioned upon the plaintiff’s renotification of the defendant, Arlington Manuel, at least 30 days prior to the restraining and testing of defendant’s cattle.
For the above and foregoing reasons I respectfully dissent.